IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. SWARTZ, JR. *et al.*, | ) | CASE NO. 1:12-CV-3112 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MARK A. DiCARLO, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

On November 7, 2012, Plaintiffs James Swartz, Jr., Tonimarie Swartz and Vilma Swartz (collectively referred to as "Plaintiffs") filed the instant complaint against Defendant Mark DiCarlo ("Defendant") in the Lake County Common Pleas Court. (Doc. 1, Ex. 1). On December 27, 2012, Defendant filed a notice of removal transferring the case to this Court. (Doc. 1). Now pending before the Court is Plaintiffs' motion to remand. (Doc. 8).

28 U.S.C. § 1446(b) requires a defendant to file its notice of removal within 30 days after receipt of the complaint. Here, both parties agree that Defendant received the complaint on November 26, 2012. Accordingly, pursuant to 28 U.S.C. § 1446(b), Defendant had until December 26, 2012, to file its notice of removal in this court. Yet, the notice was not filed until December 27, 2012. (Doc. 1). Plaintiffs concede federal jurisdiction on all other grounds, but contend remand is proper due to the untimely filing of Defendant's notice of removal.

Under ordinary circumstances, Plaintiffs would be correct. However, due to inclement weather, all federal courthouses in the Ohio Northern District closed at 1:00 p.m. on December

26, 2012.  (*See* Ex. A).[1]  Therefore, by operation of Rule 6(a)(3)(A) of the Federal Rules of Civil Procedure, Defendant's time in which to file its notice of removal was extended by one day until December 27, 2012.  Thus, Defendant's motion was timely filed.

Notwithstanding, Plaintiffs argue alternatively that remand is proper because Defendant's actions in state court waived his right to remove the matter to this Court.  Plaintiffs note that prior to filing the notice of removal with this Court, Defendant filed counterclaims against Plaintiffs and third-party claims (incorrectly labeled as "cross-claims") against Defendants Stephen Komarjanski, Aultman Health Foundation and Emeritus Senior Living in state court, adding new parties to the litigation. (Doc. 8, Ex. A).  Plaintiffs further note that even after filing the notice of removal with this Court, Defendant subsequently filed in state court instructions for service of his counterclaims and "cross-claims".  Plaintiffs contend these actions waived Defendant's right of removal.

Based on the facts of this case, Plaintiffs' arguments are not well-taken.  "Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal."  *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing *Kiddie Rides U.S.A., Inc. v. Elektro-Mobiltechnik GMBH*, 579 F. Supp. 1476 (C.D.Ill. 1984) and *Capital Bank & Trust Co. v. Associated Int'l Ins. Co.*, 576 F. Supp. 1522 (M.D.La. 1984)).  While it is true that the filing of permissive counterclaims and cross-claims, prior to the filing a notice of removal, will often represent a "clear and unequivocal" intent to accede to state jurisdiction and waive a defendant's right of removal, *Bolivar Sand Co., Inc. v. Allied Equip.*, 631 F. Supp. 171, 173 (E.D.Tenn. 1986); *Virginia Beach Resort & Conference Ctr. Hotel Ass'n*

---

[1] During the telephone conference held February 6, 2013, the Court explained to Plaintiffs' counsel that it was incorrectly notified that the Clerk's office was open for business for the entire day on December 26, 2012.  (*See* Doc. 13-1).

*Condominium v. Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate Number AS65009VAP00047*, 812 F. Supp. 2d 762, 765-66 (E.D.Va. 2011), such is not always the case or necessarily automatic. *McWilliams v. Broderick*, No. 1:11cv519, 2011 WL 2669969, at *1-2 (E.D.Va. July 7, 2011).

For example, in *McWilliams*, the court ruled that the defendant's filing of a counterclaim in state court did not constitute waiver because the defendant filed its notice of removal a mere 90 minutes after filing its counterclaim. *Id*. at *2. The court explained that the rule permitting waiver was intended to prevent defendants from "fleeing to federal court *after* 'testing the waters in state court' and finding them too cold". *Id*. (quoting *Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D.Va. 1991)) (emphasis added). Thus, it held that the defendant could not have intended to forum shop as it removed the case just 90 minutes after filing the counterclaim and far before the state court reached a final decision on the matter. *Id*.

The same is true in this case. Defendant's counterclaims and "cross-claims" were contemporaneously filed in the same pleading with its answer to Plaintiffs' complaint and its objection to the state court's jurisdiction. (Doc. 8, Ex. A). On the same day, Defendant also filed a notice of removal, albeit incorrectly, in state court. (*Id*.). Moreover, Defendant's notice of removal was properly filed in this Court the following day, December 27, 2012. (Doc. 1). Therefore, because the case was properly removed just one day after Defendant filed its counterclaims and "cross-claims", there can be no serious argument that Plaintiff "clearly and unequivocally" intended to waive its right of removal, or that Defendant was attempting to forum shop. *See id*; *see also Bolivar Sand Co. Inc.*, 631 F. Supp. at 173.

Nor do Defendant's actions after the case was properly removed constitute waiver. As the Fourth Circuit properly recognized, "[a] defendant may waive the right to remove by taking

3

some such substantial defensive action in the state court *before* petitioning for removal. However, waiver by conduct does not exist when removal, as here, precedes any state court action." *Aqualon Co. v. Mac Equip. Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) (emphasis in original). After this matter was properly removed to this Court on December 27, 2012, Defendant's actions in state court could no longer serve as a waiver of his right to remove as that right had already been exercised. *Id*. Additionally, the Court notes that following removal, Defendant's only action in state court was on December 31, 2012, when he filed instructions for service of his answer, counterclaims and "cross-claims". (Doc. 8, Ex. A).[2] Even *prior* to proper removal, such action would not constitute waiver. *See Bolivar Sand Co., Inc.*, 631 F. Supp. at 173.

Lastly, the remaining procedural defects Plaintiffs complain of are not sufficient to justify remand. Plaintiffs, by their own admission, acknowledge such. While the Court does not look lightly upon Defendant's improvident conduct, particularly in light of the fact that he is a licensed attorney, neither his failure to properly notify the state court of the removal of this matter pursuant to 28 U.S.C. § 1446(d), nor his failure to file a copy of the summons in this Court along with the notice of removal pursuant to 28 U.S.C. § 1446(a) is detrimental to the removal of the case. *See Lee v. Smith & Wesson Corp.*, No. 1:11-CV-1940, 2011 WL 5507192, at *2 (N.D.Ohio Oct. 24, 2011) (Polster, J.) (22-day delay in filing copy of notice of removal with state court still satisfied requirements of 28 U.S.C. § 1446(d)); *Young v. Cmty. Assessment & Treatment Servs. Inc.*, No. 1:07-CV-1797, 2007 WL 3340033, at *2-7 (N.D.Ohio Nov. 6, 2007) (O'Malley, J.) (failure to attach required summonses did not require remand). In addition,

---

[2] The state action, case number 12CV002927, was closed on January 2, 2013. Lake County Common Pleas Court, https://phoenix.lakecountyohio.gov/pa/pa_cp.urd/pamw2000.o_casedsplst?49724029 (last visited Feb. 6, 2013).

because Defendant timely removed the action to this Court, there is no basis under which to grant Plaintiffs attorney fees and/or expenses in contesting the removal.

Therefore, the undersigned recommends that Plaintiffs' Motion to Remand, (Doc. 8), be **DENIED**. The undersigned further recommends that Defendant be granted ten (10) days in which to correct the defects in the notice of removal filed with this Court and the copy of the notice filed with the state court.

**IT IS SO ORDERED.**

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: February 7, 2013.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).