IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. SWARTZ, JR. *et al.*, | ) | CASE NO. 1:12-CV-3112 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MARK A. Di CARLO, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

On November 7, 2012, Plaintiffs James Swartz, Jr., Tonimarie Swartz and Vilma Swartz (collectively referred to as "Plaintiffs") filed the instant complaint against Defendant Mark Di Carlo ("Defendant" or "Di Carlo") in the Lake County Common Pleas Court. (Doc. 1, Ex. 1). On December 27, 2012, Defendant filed a notice of removal transferring the case to this Court on 27, 2012. Plaintiff's Motion to Remand was subsequently denied. (Doc. 1). All general pretrial supervision was referred to the undersigned by Judge Christopher Boyko. (Doc. 4). Although Defendant successfully removed the case to this Court, included in his Answer filed in Lake County Common Pleas were allegations purporting to assert "claims" against non-parties Aultman Health Foundation ("Aultman") and Emeritus Senior Living ("Emeritus"). Motions filed on behalf of Aultman and Emeritus are now before the Court.

On January 10, 2013, "Cross-claim" Defendant Aultman filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 6). Aultman's Reply Brief in support of its motion to dismiss was filed February 13, 2013. (Doc. 16). Defendant Mark Di Carlo filed his opposition to Aultman's motion on February 13, 2013. (Doc. 17).

1

"Cross-claim" Defendant Emeritus similarly filed a Motion for Judgment on the Pleadings on February 27, 2013.  (Doc. 22).  Di Carlo filed his Response to Emeritus' motion on March 5, 2013.  (Doc. 23).  Emeritus filed its Reply to Defendant Di Carlo's Response on March 6, 2013. (Doc. 24).

Despite indicating that he is seeking to obtain counsel, Di Carlo continues to proceed pro se, as is his right.  The allegations of a complaint drafted by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  *See also McNeil v. United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Other than that, however, no special treatment is afforded litigants who decide to proceed pro se.  *McNeil*, 508 U.S. at 113 (recognizing the importance of strict adherence to procedural requirements); *Jourdan,* 951 F.2d at 110 (no special consideration given to pro se defendant where he failed to adhere to court deadlines); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988) (requiring no special assistance given to pro se defendants in promotion of fairness). Indeed, even applying this liberal standard, the undersigned notes that, to date, Di Carlo's filings fall short of the "concise and direct" standards for pleading, and contain a number of procedural deficiencies.  Fed. R. Civ. P. 8(d).  For the reasons set forth herein, the Motions to Dismiss should be granted.

## I. FACTS & PROCEDURAL BACKGROUND

Ordinarily, the undersigned would set forth the facts as alleged by the "plaintiff" in evaluating a motion for judgment on the pleadings.  However, after reviewing the motions filed on behalf of Aultman and Emeritus, and Di Carlo's opposition, the undersigned concludes that dismissal is warranted for the reasons set forth below.

## II.  LAW & ANALYSIS

### A. Standard of Review for 12(b)(6) and 12(c) Motions

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint that fails to satisfy this requirement is subject to dismissal under Fed. R. Civ. P. 12(b)(6).  However, an attempt to understand Di Carlo's complaint against Aultman and Emeritus within the confines of the Rules is not possible.  Di Carlo's briefs in opposition suffer from the same disjointed and confusing disregard for proper form as evidenced in his complaint, and the Court should not be expected to attempt to search for a path to recast his claims in a manner to allow for further analysis.  It is noted that, despite proceeding as a pro se litigant, Di Carlo has been a licensed attorney in the State of Texas, since November 8, 1985, and reports he is admitted to practice before the District Court in Texas.

The Federal Rules of Civil Procedure establish guidelines for permissible pleadings in an action.  Fed. R. Civ. P. 7 states:

(a) Pleadings.  Only these pleadings are allowed:
    (1) a complaint;
    (2) an answer to a complaint;
    (3) an answer to a counterclaim designated as a counterclaim;
    (4) an answer to a crossclaim:
    (5) a third-party complaint;
    (6) an answer to a third-party complaint; and
    (7) if the court orders one, a reply to an answer.

Under this Rule, Di Carlo's pleadings are only permissible so far as they fall under one of these permitted types of pleadings.

Defendant originally sued Aultman and Emeritus on "cross-claims."  Fed. R. Civ. P. 13(g) states:

Crossclaim Against a Coparty.

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.  The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted against the cross-claimant.

The term "coparty" has been defined as "parties having like status, such as co-defendants." *Murray v. Haverford Hospital Corp.*, 278 F. Supp. 5 (E.D. Pa. 1968), *see* *Asher v. Rack Conveyor Installation, Inc.,* 375 Fed. App'x 576, 579 (6th Cir. 2010) (referring to the district court's definition of "co-parties" as "those sharing 'like status'"). Accordingly, for defendant Di Carlo to file a crossclaim against Aultman and Emeritus, these parties must have "like status" with Di Carlo.  As neither Aultman nor Emeritus has been named as a defendant in the main underlying claim, defendant Di Carlo's pleading is not a "crossclaim." Fed. R. Civ. P. 13(g).

Nor has Di Carlo met the requirements for a third-party claim under Rule 14.  "A third-party claim may be asserted under Rule 14(a)(1) only when the third-party's liability is in some way dependant on the outcome of the main claim, or when the third party is secondarily liable to the defending party. Wright, et al., 6 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1446 (3d ed. 1998); *accord American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512. F.3d 800, 805 (6th Cir. 2008).   Thus, under Rule 14(a), a defendant can only bring in a third-party defendant (who was not a party to the original action) where the third-party defendant's liability is in some way dependant on the outcome of the main claim.  Rule 14(a) does not allow a defendant to assert a separate, independent claim, even where the claim arises out of the same general set of facts as the main claim.  *Southeast Mortg. Co. v. Mullins*, 514 F.2d 747, 749-50 (5th Cir. 1967); *see* *Gookin v. Altus Capital Partners,* No. 05-179, 2006 U.S. Dist. LEXIS 12980,

*10-12 (E.D. Ky. Mar. 24, 2006). Here, neither Aultman nor Emeritus were named parties in the main action, and Di Carlo's "pleadings" does not allege either is liable for any part of his liability to Plaintiffs.

Accordingly, Di Carlo's mis-labeled "cross-claim" fails to meet the requirements of any of the permissible pleadings under Rule 7. Aultman and Emeritus are not co-parties to a proper cross-claim under Rule 13. Further, review of the averments contained in his opposition suggests that, not only has Di Carlo failed to comply with the requirements for adding third-party defendants under Rule 14, but also that it is unlikely that he would be able to do so, even if given an opportunity to amend his pleadings. Defendant Di Carlo's claims against Aultman and Emeritus should be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the undersigned recommends that "Cross-claim" Defendants Aultman and Emeritus' Rule 12 Motions be GRANTED.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date:  May 24, 2013.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).