**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES R. SWARTZ JR., et al.,** | ) | **CASE NO. 1:12CV3112** |
| | ) | |
| Plaintiffs,/Counter Claim-Defendants, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARK A. DICARLO,** | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Defendant/Counterclaimant's Objections (ECF DKT #56) to the Report and Recommendation (ECF DKT #52) of Magistrate Judge McHargh, recommending that the Court grant the Motion to Dismiss filed by Plaintiffs/Counterclaim-Defendants James R Swartz, Jr., Tonimarie Swartz, and Vilma Swartz. For the following reasons, the Court ADOPTS Magistrate Judge McHargh's Report and Recommendation and grants the Motion to Dismiss the counterclaims of Mark A. DiCarlo against Plaintiffs. (ECF DKT#26).

## BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the

facts.

James, Tonimarie, and Vilma Swartz ("Plaintiffs") filed a complaint against Mark A. Di Carlo ("Defendant") for defamation, intentional infliction of emotional distress ("IIED") and invasion of privacy. Originally filed in the Lake County Court of Common Pleas, their Complaint was properly removed to this court due to diversity jurisdiction on December 27, 2012. In response to the allegations put forth by the Plaintiffs, Di Carlo has raised his own counterclaims against the Swartzes for IIED, wrongful death of his father (Henry Di Carlo), civil violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),conversion on behalf of Henry Di Carlo, and claims of conversion, fraud, and unjust enrichment on his own behalf.

On March 14, 2013, the Swartzes filed a Motion to Dismiss for Failure to State a Claim regarding the counterclaims advanced by Di Carlo. (Doc. 26.) The Plaintiffs move to dismiss the wrongful death claim, the RICO Act claim, the conversion claim on behalf of Henry Di Carlo and the claims raised by Mark Di Carlo on his own behalf for conversion, fraud and unjust enrichment. The IIED claim was not considered by the Magistrate Judge because Plaintiffs believe this claim was not asserted against them, and so did not move to dismiss this claim in their Motion.

Mark Di Carlo is proceeding pro se in this action. The Court agrees with the Magistrate Judge that he does not qualify for the leniency awarded by the court to pro se parties because he is a practicing attorney admitted before the Federal Bar for the Southern District of Texas, the United States Court of Appeals, and the United States Supreme Court.

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(1) a Court must dismiss a claim when it lacks subject matter jurisdiction to hear the claim. Subject matter jurisdiction is determined by 28 U.S.C. §1331 for federal question cases and 28 U.S.C. §1332 for diversity cases. The

party seeking jurisdiction, Di Carlo, bears the burden of proving that his counterclaims are properly before the Court.  This burden is carried throughout the entire course of the litigation.  *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

A party can bring a facial or factual attack to subject matter jurisdiction.  A facial attack questions the sufficiency of the pleading itself, while a factual attack is a challenge to the actual existence of subject matter jurisdiction.  *U.S. v. Ritchie*, 15 F.3d 592,598(6th Cir.1994).  In their Motion to Dismiss, Plaintiffs assert that they are bringing a factual attack to subject matter jurisdiction.  In a factual attack, the court is at liberty to weigh the evidence and the party asserting jurisdiction must prove that it exists.  *DLX, Inc. v. Kentucky*, 381 f.3d 511, 516 (6th Cir. 2004).

In order to survive a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6), the pleadings must satisfy Fed. R. Civ. P. 8(a)(2); "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) does not require detailed factual allegations.  A party is only obligated to provide greater detail than simple labels, conclusions, or recitations of the elements needed for a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The pleading must suggest that the allegation is plausible, not just possible.  Yet, it does not have to demonstrate probability; just enough factual information to create an expectation that discovery will uncover evidence supporting the claim.  *Id.* at 556.  The pleading must "nudge claims across the line from conceivable to plausible" in order to survive a 12(b)(6) motion.  *Id.* at 570.  When looking at these allegations for purposes of a motion to dismiss, the Court must accept as true all of the claims in the pleading, except legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  These factual allegations cannot be mere conclusory statements.  *Id.*

## **LAW AND ANALYSIS**

In their Motion to Dismiss, the Plaintiffs assert that Di Carlo's counterclaim for the

wrongful death of Henry Di Carlo, should be dismissed in accordance with Rule 12(b)(6), because Di Carlo fails to state a claim upon which relief can be granted under Ohio law. Di Carlo's wrongful death claim is governed by Ohio Rev. Code Ann. §2125.01, which states,

> When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages.

The subsequent section §2125.02, which provides the procedural requirements for actually raising the wrongful death claim outlined in §2125.01, states that a cause of action arising under §2125.01 must be brought in the name of the court appointed representative, such as an administrator or executor of the deceased's estate. Di Carlo presents no evidence that he has been appointed the administrator or executor of Henry's estate.

In his Report and Recommendation, the Magistrate Judge correctly points out that even though DiCarlo may be an interested party, he is not the court appointed representative and does not have standing to bring a wrongful death claim for Henry Di Carlo under Ohio law. A suit brought by anyone other than the court appointed representative will not meet the requirements for bringing a wrongful death claim. *Williams v. Griffith*, No. 09AP-28, 2009 WL 2469523, at *3, (Ohio Ct. App. Aug. 13, 2009). Therefore, the Court finds that Di Carlo lacks standing to bring a wrongful death action for Henry Di Carlo under Ohio law and therefore, this claim is dismissed in accordance with Rule 12(b)(6).

The Magistrate Judge thoroughly addressed DiCarlo's claim of a violation of the Federal RICO Act for a civil remedy under 18 U.S.C. §1964. In order to bring a RICO claim one must allege "conduct of an enterprise through a pattern of racketeering activity." *Sedima S.P.R.L v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). In his Objections

to the Report and Recommendation, DiCarlo asserts that the Swartzes are a family and thus are organized.  DiCarlo does not provide any evidence of a long term pattern of activity, or a long-running scheme that will continue into the future.

The Court agrees with the Magistrate Judge that there is no evidence or plausible factual matter that could be pieced together from DiCarlo's counterclaims/answer indicating that these three family members were involved in a long running scheme, orchestrated by their separate enterprise, which threatens to carry on its activities into the future.  The Court finds that DiCarlo's pleadings are completely devoid of any factual matter that would support a plausible allegation that the plaintiffs violated the RICO Act, and therefore, this claim is dismissed for failure to state a claim due to the insufficiency of the pleadings.

The Magistrate Judge determined that the breach of fiduciary duty claim DiCarlo alleges against Vilma Swartz should be dismissed due to his lack of standing and Vilma Swartz's possible immunity.  DiCarlo alleges that Vilma Swartz abused her position as power of attorney by making the decision to stop treatment for Henry DiCarlo and allowing him to die.  The Magistrate Judge points out that while Mark Di Carlo claims an interest in his breach of fiduciary duty claim, the real party in interest is the estate of Henry Di Carlo.

If Vilma Swartz did in fact breach her fiduciary duty, the party who is directly harmed is Henry's estate, not Mark Di Carlo.  The estate of Henry Di Carlo is thus the real party in interest and the one with standing to bring the claim.  Because this right belongs to the estate, it is the personal representative of the estate who has the ability to bring the claim on its behalf.  *Long v. Long*, No. 2007-T-0047, 2007 WL 3243858, at *6 (Ohio Ct. App. 2007).  The Sixth Circuit in *Bedo v. McGuire*, 767 F.2d 305,306 (6th Cir. 1985) held that "actions for breach of fiduciary duty on the part of an executor are within the exclusive jurisdiction of the Ohio probate court."

As Henry DiCarlo's designated holder of his power of attorney, Vilma Swartz has presumptive immunity. Henry DiCarlo had a valid and enforceable advanced directive that outlined his desires for his end of life medical care. She made the decision to stop treatment for Henry Di Carlo in good faith because she was following his instructions as outlined in the advanced directive. Under Ohio Rev. Code Ann.§1337.13 (West 2013),

> "The attorney in fact may make health care decisions for the principal to the same extent as the principal could make those decisions for the principal if the principal had the capacity to do so. Except as otherwise provided in divisions (B) to (F) of this section, in exercising that authority, the attorney in fact shall act consistently with the desires of the principal or, if the desires of the principal are unknown, shall act in the best interest of the principal."

The Court agrees with the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction to hear the fiduciary duty claim, and Vilma Swartz has potential immunity from any civil action raised against her in her position as attorney in fact, to wit; a holder of Henry DiCarlo's power of attorney. Therefore, DiCarlo's breach of fiduciary duty claim is dismissed.

DiCarlo alleges a claim of conversion on behalf of his father. The Ohio Revised Code section 2913.73 which Di Carlo cites is a criminal statute, not a civil statute.

A cause of action for conversion as a tort is defined as, "the wrongful control or exercise of dominion over property belonging to another inconsistent with or in denial of the rights of the owner." *Tabar v. Charlie's Towing Service, Inc.*, 646 N.E.2d 1132, 1136 (Ohio Ct. App. 1994). "Typically, the elements of a conversion cause of action are the plaintiff's ownership. . .at the time of the conversion, the defendant's conversion by a wrongful act, and damages." *Keybank Nat'l Assoc. v. Guarnieri*, No. 07 CO 46, 2008 WL 5124562, at *3, (Ohio Ct. App. 2008). Additionally, to prove conversion based on the "unlawful retention of property" the owner must demonstrate he demanded the return of the property from the unlawful owner and that the unlawful possessor refused to surrender the property." *Id.* See also *Knoop v. Knoop*, No. 22037, 2007 WL 2821508, at *4, (Ohio Ct. App. 2007).

The Magistrate Judge correctly found that Di Carlo did not produce any facts illustrating what property of Henry Di Carlo's was wrongfully converted, that Henry DiCarlo or himself demanded the return of the property, or that the Swartzes refused to return the property when asked. Di Carlo fails to assert that the Plaintiffs' control of Henry's property was wrongful or a denial of his rights. Therefore, the Court agrees with the Magistrate Judge that Di Carlo's claim for conversion on behalf of his father falls short of the standards required by *Twombly, Iqbal*, and Fed. R. Civ. P. 8(a)(2). DiCarlo's claim for conversion on behalf of Henry DiCarlo is dismissed.

DiCarlo also raised a claim of conversion on his own behalf. The requirements are the same as above. Again, as in the claim on behalf of Henry DiCarlo, this claim does not satisfy the pleading requirement for a conversion claim. In *Ashcroft v. Iqbal,* the Supreme Court held that mere conclusory statements or recitations of a cause of action would not suffice under Fed. R. Civ. P. 8(a)(2). 556 U.S. at 678. The Magistrate Judge again points out that DiCarlo merely states that he is suing the Plaintiffs for conversion and does not provide any evidence or documentation that he was entitled to any property that was converted by the Plaintiffs.

DiCarlo claims he is entitled to his father's estate and it was unlawfully converted by Plaintiffs. The Court finds however, that his conversion claim is dismissed pursuant to 12(b)(1) because it should be decided by the probate court, which has proper jurisdiction over disputes regarding estates. In *Markham v. Allen*, the Supreme Court established that federal courts can hear probate matters "so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate, or control of the property in the custody of the state court." 326 U.S. at 494. If this Court were to address this probate matter, it would violate the Supreme Court's proscription in *Markman*, supra.

The Magistrate Judge thoroughly addressed DiCarlo's claims for fraud and unjust

enrichment and again determined that they are just as conclusory as his claim for conversion.  The Court agrees.  Di Carlo has not offered any factual evidence to support his allegations.  In order to raise a claim for unjust enrichment the plaintiff must demonstrate that there was a benefit conferred by him upon the defendant, the defendant accepted, and that the acceptance of the benefit without compensation in return would be inequitable.  *Crowl v. Allcare Dental and Dentures*, No.4:11CV00105, 2011 WL 2421061, at *3 (N.D.O.H 2011).  DiCarlo has not provided any evidence that he conferred a benefit on the Swartzes or that they accepted any form of benefit from him.  The Court finds that this claim is dismissed under Rule 12(b)(6).

Under Fed. R. Civ. P. 9(b), fraud allegations carry a heightened pleading requirement.  Again, DiCarlo has provided nothing more in his pleading than to state that he is suing the Plaintiffs for fraud.  Di Carlo only asserts that he was the victim of fraud at the hands of the Plaintiffs.  He does not provide any evidence indicating the nature of the fraud committed against him by the Plaintiffs, or when and where it occurred.  In his Objections to the Report and Recommendation, DiCarlo simply asserts that the factual elements of his claims are clearly stated in his lawsuit, again providing no details.  The Court agrees with the Magistrate Judge that Di Carlo has failed to satisfy the pleading requirement for a fraud action under 9(b), therefore, the claim for fraud is dismissed.

## **CONCLUSION**

The Court finds that the Magistrate Judge correctly applied the pertinent law and therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #52) is ADOPTED.  Plaintiffs/Counter Claimants Motion to Dismiss is granted.

**IT IS SO ORDERED.**

**DATE: 7/19/13**

                                       s/Christopher A. Boyko
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**