UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. SWARTZ, JR., et al., | ) | Case No. 1:12CV3112 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| MARK A. DiCARLO, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |
| | ) | MEMORANDUM |
| | ) | AND ORDER |

McHARGH, Mag. J.

The plaintiffs James R. Swartz, Jr., Tonimarie Swartz, and Vilma Swartz (collectively, "the Swartzes," or "plaintiffs") originally filed this action in the Lake County (Ohio) Court of Common Pleas against defendant Mark A. Di Carlo ("Di Carlo"), alleging three claims: (1) Defamation (libel); (2) Intentional infliction of emotional distress; and, (3) Invasion of privacy (false light). (Doc. 1, exh. 1, complaint.) The case was removed to this court by Di Carlo on Dec. 27, 2012. (Doc. 1.) At that same time, Di Carlo filed an Answer with counter-claims and cross-claims. (Doc. 1.) Certain counterclaims against the plaintiffs were subsequently dismissed.[1] (Doc. 58; see also doc. 26, 52.) Di Carlo has since filed a timely

---

[1] In addition, a Report and Recommendation is pending (doc. 101), which recommends granting the plaintiffs' motion to dismiss (doc. 54) the counterclaim for intentional infliction of emotional distress.

Amended Answer, with counterclaims. (Doc. 59; see also doc. 60 (motion for leave); doc. 100 (granting, in part, and denying, in part, leave to amend).)

Currently before the court is plaintiffs' Motion for Prejudgment Attachment, pursuant to Civil Rule 64 and Ohio Rev. Code § 2715.01 et seq. (Doc. 87.) Di Carlo has filed an opposition[2]. (Doc. 90.)

Civil Rule 64 dictates that all remedies such as attachment or garnishment, are available only in the manner provided by the state law of the forum state. Nationwide Mut. Ins. Co. v. Whiteford Systems, Inc., 787 F.Supp. 766, 768 (S.D. Ohio 1992). Ohio permits attachment against a defendant's property "in a civil action for the recovery of money, at or after its commencement," upon any of the grounds specified in Ohio Rev. Code § 2715.01. See, e.g., Kalmbach Feeds, Inc. v. Lust, 36 Ohio App.3d 186, 521 N.E.2d 1126 (Ohio Ct. App. 1987) ( discussing sufficiency of affidavit in support of motion for issuance of prejudgment order of attachment).

The plaintiffs' motion relies on the following provisions of the relevant Ohio statute:

(2) That the defendant is not a resident of this state;

\* \* \* \* \*

---

[2] Di Carlo had initially filed a request for a hearing on the motion (doc. 91, 92), but advised the court at the telephone conference of April 11, 2014, that he waives the hearing, and agreed to proceed on the documents filed. See also doc. 96, at ¶¶ 8, 10.

> (6) That the defendant is about to remove property, in whole or part, out of the jurisdiction of the court, with the intent to defraud creditors;
>
> (7) That the defendant is about to convert property, in whole or part, into money, for the purpose of placing it beyond the reach of creditors;
>
> \* \* \* \* \*
>
> (9) That the defendant has assigned, removed, disposed of, or is about to dispose of, property, in whole or part, with the intent to defraud creditors . . .

(Doc. 87, at 5-6, citing Ohio Rev. Code § 2715.01(A).)  The statute states that an attachment against the property of a defendant may be had "upon any one of the [statutory] grounds."  Ohio Rev. Code § 2715.01(A).

The state statute requires that a motion for prejudgment attachment shall have attached to it an affidavit of the plaintiff or his attorney, which shall set forth all of the following:

> (A) The nature and amount of the plaintiff's claim, and if the claim is based upon a written instrument, a copy of that instrument;
>
> (B) The facts that support at least one of the grounds for an attachment contained in section 2715.01 of the Revised Code;
>
> (C) A description of the property sought and its approximate value, if known;
>
> (D) To the best of plaintiff's knowledge, the location of the property;
>
> (E) To the best of the plaintiff's knowledge, after reasonable investigation, the use to which the defendant has put the property and that the property is not exempt from attachment or execution.
>
> (F) If the property sought is in the possession of a third person, the name of the person possessing the property.

Ohio Rev. Code § 2715.03.

A court may issue an order of attachment without conducting a hearing if it finds that all of the statutory requirements of Ohio Rev. Code § 2715.042 have been met. The court finds that "notice, motion, and affidavit have been served on the defendant against whom the motion for attachment was filed, as required by section 2715.041." See Ohio Rev. Code § 2715.042(A)(1); doc. 87-88. Although Di Carlo initially requested a hearing, he has since waived the hearing, as discussed above, and is willing to proceed on the documents filed by the parties. See Ohio Rev. Code § 2715.042(A)(2). Di Carlo has informed the court that he will not post a bond. See Ohio Rev. Code § 2715.042(A)(3); doc. 96, ¶ 2. None of these first three requirements are contested by the parties.

The final requirement is that the court find, "on the basis of the affidavit, that there is probable cause to support the motion." Ohio Rev. Code § 2715.042(A)(4). The statute has defined the critical phrase, thus:

> "Probable cause to support the motion" means that it is likely that a plaintiff who files a motion for attachment pursuant to section 2715.03 of the Revised Code will obtain judgment against the defendant against whom the motion was filed that entitles the plaintiff to a money judgment that can be satisfied out of the property that is the subject of the motion.

Ohio Rev. Code § 2715.011 (A).

It is the movant's burden "to establish a right to attachment by a preponderance of the evidence." HMV Properties, LLC v. IDC Ohio Holdings, LLC, No. 2:08CV895, 2010 WL 547484, at *3 (S.D. Ohio Feb. 11, 2010); see generally General Textile Printing & Processing Corp. v. Expromtorg Int'l Corp., 862 F.Supp.

4

1070, 1073 (S.D. N.Y. 1994) (burden on moving party).

The affidavit filed on behalf of plaintiffs avers that plaintiffs are seeking damages in excess of $300,000 based on claims for defamation (libel), intentional infliction of emotional distress, and invasion of privacy (false light).  (Doc. 87, PX 1, aff., at ¶ 3.)  The affidavit provides a brief summary of the alleged facts underlying the counts of the complaint.  (Doc. 87, PX 1, aff., at ¶¶ 4-11.)

Di Carlo contends that the court cannot consider the affidavit, in part because the affidavit is "inadmissible expert scientific testimony" under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999).  (Doc. 90, at 10-12; doc. 91, at 9-10, 12.)  The court does not require expert assistance to evaluate the allegations made in the affidavit.  In addition, the Ohio statute explicitly states that the allegations in the affidavit can be based, in part, on allegations made "to the best of plaintiff's knowledge."  Ohio Rev. Code § 2715.03(D)-(E).

The affidavit provides a description of the property sought to be attached its approximate value, the location of the property, and the name of the person possessing the property, to wit, (1) real property located at 1523 Cleveland Avenue, NW, Canton, Ohio, 44703, and (2) three specifically identified U.S. Savings Bonds, which are physically located in the offices of John P. Thomas, Esq., Schraff & King Co., L.P.A., 2802 SOM Center Road, Suite 200, Willoughby Hills, Ohio, 44094. (Doc. 87, PX 1, aff., at ¶¶ 13, 17.)  The affidavit states that the property is currently located in Ohio, and is not exempt from attachment.  (Doc. 87, PX 1, aff., at ¶ 18.)

5

The plaintiffs aver that, based on a May 14, 2013, letter[3] from counsel for defendant Di Carlo, Di Carlo "will use all means available to avoid satisfying a judgment rendered in the Lawsuit from his Texas assets." (Doc. 87, PX 1, aff., at ¶ 28; see also ¶ 26.) Based on Di Carlo's belief that his Texas assets are protected from a judgment rendered in Ohio, plaintiffs believe that Di Carlo will remove or transfer his Ohio property to Texas. (Doc. 87, PX 1, aff., at ¶ 33.)

The facts averred support at least one of the grounds for an attachment contained in section 2715.01. Di Carlo is not a resident of the State of Ohio. See doc. 87, PX 1, aff., at ¶ 24; see also doc. 59, at 2; Ohio Rev. Code § 2715.01(A)(2). The affidavit asserts that Di Carlo "will remove, convert, or transfer the Property or any proceeds from the redemption and/or sale of the Property from Ohio to Texas." (Doc. 87, PX 1, aff., at ¶ 33; see also Ohio Rev. Code § 2715.01(A)(6), (7), (9); Calabret v. Vivacqua, 145 N.E.2d 420 (Ohio Ct. App.1956).) The court finds that the affidavit satisfies the prerequisites as outlined in Ohio Rev. Code § 2715.03.

Di Carlo argues that his counsel's letter did not state that he intended to shield his Texas assets from a money judgment. Di Carlo asserts that counsel was simply making plaintiffs aware of "the differences between collecting a judgment in

---

[3] Di Carlo takes an interesting approach to his counsel's letter. First, he moves to "strike" the letter as an exhibit to plaintiffs' affidavit. (Doc. 90, at 7.) Simultaneously, Di Carlo offers a copy of the unredacted letter as an exhibit to his brief in opposition. (Doc. 90, at 7, 15, and doc. 90, DX A.)

6

Texas and Ohio as a strategy to attempt to settle[4] this case." (Doc. 90, at 8; doc. 91, at 7.) However, the court has become aware that Di Carlo has transferred his interest in the Canton real property, referenced in the affidavit, to his brother. (Doc. 102.) The Limited Warranty Deed was recorded in the Stark County, Ohio, Recorder's Office on March 13, 2014, one week after the motion for prejudgment attachment was filed. (Doc. 102, PX 2.) This provides some support for the allegation of the affidavit that Di Carlo "will remove, convert, or transfer the Property or any proceeds from the redemption and/or sale of the Property..." (Doc. 87, PX 1, aff., at ¶ 33.

The final requirement is that the court find, "on the basis of the affidavit, that there is probable cause to support the motion." Ohio Rev. Code § 2715.042(A)(4). "Probable cause to support the motion" means that it is likely that plaintiffs will obtain judgment against Di Carlo that entitles the plaintiffs to a money judgment that can be satisfied out of the property that is the subject of the motion. Ohio Rev. Code § 2715.011 (A).

Di Carlo argues that "[t]here are no facts for the court to consider about obtaining a money judgment." (Doc. 90, at 12; doc. 91, at 11.) Di Carlo complains that the plaintiffs support their affidavit with no evidence. (Doc. 90, at 8-9; doc. 91, at 8.) On the contrary, the affidavit puts forward the factual allegations, in

---

[4] The court finds that the May 14, 2013, letter is not offered to prove the liability or amount of a claim, nor for impeachment. Thus, it may be considered by the court. Fed. R. Evid. 408(b).

summary form, which underlie the claims of the complaint. (Doc. 87, PX 1, aff., at ¶¶ 4-11.)

Plaintiffs point to Central Nat. Bank v. Broadview Sav. and Loan Co., in which the court found: "Because R.C. 2715.01 et seq. deals with prejudgment attachments, it would be inappropriate to require a plaintiff to prove the grounds under R.C. 2715.01 upon which he seeks attachment." Central Nat. Bank v. Broadview Sav. and Loan Co., 64 Ohio App.2d 133, 138, 411 N.E.2d 840, 843 (Ohio Ct. App. 1979). The court found that an affidavit stating the statutory ground for attachment was sufficient. Id.

SUMMARY

The motion for prejudgment attachment (doc. 87) is GRANTED. The motion to "strike" (doc. 90, at 4) plaintiffs' exhibit is DENIED.

IT IS SO ORDERED.

Dated:  Apr. 15, 2014            /s/ Kenneth S. McHargh
                                 Kenneth S. McHargh
                                 United States Magistrate Judge