**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES R. SWARTZ, ET AL.,** | ) | **CASE NO.1:12CV3112** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MARK A. DICARLO,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

## I.  INTRODUCTION

This matter comes before the Court upon Magistrate Judge McHargh's Memorandum and Order dated April 11, 2014, recommending the Court grant Plaintiffs' Motion to Dismiss the Counterclaim for Intentional Infliction of Emotional Distress.  (ECF DKT #54 and #101). The issue is whether the finding by the Magistrate Judge that Defendant failed to support his Counterclaim for Intentional Infliction of Emotional Distress with allegations that would support a plausible claim for relief was appropriate.  (ECF DKT #101 at 14).  In other words, the question is whether, in order to survive the Plaintiffs' Motion to Dismiss, Defendant's Counterclaim "contain[ed] sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face?"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal citations omitted).  Because Defendant has failed to state a plausible claim for relief with regard to Intentional Infliction of Emotional Distress, the Magistrate Judge's Report and Recommendation is Adopted and Plaintiffs' Motion to Dismiss is granted.

## II. FACTS

Defendant filed a Counterclaim alleging Intentional Infliction of Emotional Distress by Plaintiffs, Vilma Swartz, James R. Swartz, and Tonimarie Swartz (collectively "Plaintiffs").  Plaintiffs filed a Motion To Dismiss the Counterclaim.  Magistrate Judge McHargh delivered his Report and Recommendation on April 11, 2014, recommending that the Motion to Dismiss be granted.  Defendant filed an Objection to the Report and Recommendation on May 27, 2014.  Plaintiffs filed a Response on June 3, 2014, in which they stated that they "intend to rely on their previously filed motions, oppositions, responses, and replies in this action and the Magistrate Judge's April 11, 2014 Memorandum and Order."  (ECF DKT # 120).

Specifically, Defendant's Counterclaim "asserts that individually or in combination":

A.)  "That the Plaintiffs. . . .who by extreme and outrageous conduct intentionally and/or recklessly caused severe emotional distress to Mark A. Di Carlo and is subject to liability for such emotional distress, and if bodily harms to the other results from it, for such bodily harm;"

B.)  "That the actors. . . .demonstrated conduct that was so extreme and outrageous as to go 'beyond all possible bounds of decency' and was such that it can be considered as 'utterly intolerable in a civilized community;'"
C.)  "That the actors. . . .displayed such actions that were the proximate cause of Mark

2

A. Di Carlo's psychic injury;" and

D) "That the mental anguish suffered by Mark A. Di Carlo is serious and of nature that 'no reasonable man could be expected to endure it.'"  (ECF DKT # 59 at 15 - 16).

Defendant alleges that Plaintiffs, either individually or in combination, engaged in conduct that resulted in the death of his father, the deceased, for their benefit, which in turn caused him to suffer serious emotional distress.  Defendant alleges that Vilma Swartz, the deceased's sister and a named Plaintiff, obtained a medical Power of Attorney (POA) over the deceased while the deceased was incompetent and that she was the deceased's medical POA prior to this.  Defendant also alleges that changes were made to the Will of the deceased in favor of Vilma Swartz and her children, James R. Swartz and Tonimarie Swartz, the other named Plaintiffs, while the deceased was incompetent.  Defendant also alleges that his father was deprived of food, water and medical care causing his death in order to procure these benefits for Plaintiffs.  As a result, Defendant states he has suffered severe emotional distress.

### III.  LAW & ANALYSIS

**A.  Standard Of Review**

**1.  Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may assert the defense of "failure to state a claim upon which relief can be granted" by motion.  Fed. R. Civ. P. 12(b)(6).  In other words, a party, whom a complaint has been made against, may submit a motion to dismiss for failure to state a claim upon which relief can be granted.  *Id.*. A motion to dismiss allows the moving party to test the sufficiency of a complaint.  *Lopardo v. Lehman Bros., Inc.*, 548 F.Supp.2d 450, 454 (N.D. Ohio Dist. Ct. 2008).  When looking at a

motion to dismiss, the court construes the complaint in the light most favorable to the non-moving party, accepts their allegations as true, and draws all reasonable inferences in favor of the non-moving party. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Although the court will accept all of the non-moving party's factual allegations as true, the court does not have to "accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). In other words, a complaint must provide the reasons for entitlement to relief, and this requires more than labels and conclusions or mere recital of the elements of a cause of action. "A claim has facial plausibility when the [complaining party] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*. This does not require that the claim be pinned to a precise legal theory or "an exposition of [the complainant's] legal argument." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011). The Court in *Iqbal* explained that where "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between [conceivable] and plausib[le]. . . .'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). In short, on a motion to dismiss for failure to state a claim upon which relief can be granted, the question is "not whether [the party making the complaint] will ultimately prevail." *Skinner*, 131 S.Ct. at 1296 (2011). Rather, the question is "whether [the] complaint [is] sufficient to cross the federal court's threshold", *id.*, from what is conceivable to what is plausible.

4

### 2. Rule 8(a)

The Court also considers Rule 8(a) of the Federal Rules of Civil Procedure, which outlines the general rules of pleading with regard to a claim for relief.  Specifically, Rule 8(a)(2) requires that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.*  This "does not require detailed factual allegations, but demands more than unadorned 'the defendant unlawfully harmed me' accusations."  *Iqbal*, 556 U.S. at 677-678 (citing *Twombly*, 550 U.S. at 555).  Essentially, what is required is just enough facts that will bring the claim beyond what is conceivable to what is plausible.  *Twombly*, 550 U.S. at 554-555.  However, this "does not impose a probability requirement" but merely calls for enough factual allegations to raise the claim from what is possible to what is plausible.  *Id.* at 556.  As Magistrate McHargh pointed out, the allegations of the Complaint are located on a possibility - plausibility - probability continuum when resolving a motion to dismiss.  (ECF DKT #101, at 4-5).  Possibility being insufficient, probability not necessary, and plausibility just enough.  Important to this are two principles of the *Twombly* decision, which the Court highlighted in *Iqbal*.  First, although a court must accept as true all of the allegations contained in a complaint when considering a motion to dismiss, this does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Second, only complaints that state *plausible* claims for relief will survive a motion to dismiss.  *Id.*, at 679.


### B.  Intentional Infliction of Emotional Distress

5

When assessing a motion to dismiss for failure to state a claim upon which relief can be granted, the courts have been consistent with where to start.  First, the Court will discuss and outline the principles relevant to the claim in the Complaint.  *Iqbal*, 556 U.S. at 675 (outlining the elements a plaintiff must plead to state a claim of unconstitutional discrimination against officials entitled to assert the defense of qualified immunity); *Twombly*, 550 U.S. at 553-554 (outlining antitrust principles); *Directv, Inc.*, 487 F.3d at 478 (outlining when a credit or exemption will withstand Commerce Clause scrutiny).  This case is no different and the Court begins by identifying the elements required in order to state a claim for the Intentional Infliction of Emotional Distress.

Under Ohio law, there are four elements required for a finding of Intentional Infliction of Emotional Distress (IIED).  There must be:  1)  conduct so extreme and outrageous in character that it is considered utterly intolerable in a civilized society;  2)  the defendant either intended to cause or knew or should have known that his conduct would cause the plaintiff emotional distress;  3)  the defendant's conduct was the proximate cause of the plaintiff's emotional distress, and;  4)  the plaintiff's emotional distress was both severe and debilitating. *Cooper v. Metal Sales Mfg. Corp.*, 660 N.E.2d 1245, 1250-1251 (Ohio 11th Dist. Ct. App. 1995); *Coley v. Lucas County, Ohio*, 2014 WL 273194, 17 (N.D. Ohio Dist. Ct. 2014).  In *Coley*, the fourth element was stated as "emotional distress [so] serious and of such a nature that no reasonable person could be expected to endure it." *Id.*  Each of these elements must be proven for a finding of IIED.

## C.  Emotional Distress That Is Both Severe and Debilitating

6

The next step is to test the sufficiency of the elements plead, relying upon the standard of review outlined above.  To do so, the Court must look at the relevant case law.  In *Tuleta v. Med. Mut. of Ohio*, 6 N.E.3d 106, 118 (Ohio 11th Dist. Ct. App. 2014), in order to satisfy the element of serious emotional distress, plaintiff stated that he had suffered physical and psychological injuries.  The plaintiff claimed that he had suffered "permanent injury to his reputation, economic loss and damages, pain and suffering, and past and future severe emotional distress."  *Id.*  This serves as a good example of the level of pleading required to demonstrate *how* the individual has suffered severe emotional distress.  In that case, the motion to dismiss was granted because plaintiff had failed to show that the conduct of the defendant was extreme and outrageous, which is the second element noted above.  In *Knief v. Minnich*, 103 Ohio App.3d 103 (Ohio 3rd Dist. Ct. App. 1995), the court found that a severe and debilitating emotional injury did not exist where the appellants in that case did not submit any evidence of the injury claimed.  The court stated that even though "the appellants have expressed frustration and anger, [they did not seek] medical or psychological treatment."  *Id.*

In *Uebelacker*, the plaintiff had submitted an affidavit of his wife in support of his claim that he had suffered severe and debilitating emotional distress.  *Uebelacker v. Cincom Systems, Inc.*, 48 Ohio App.3d 268, 276 (Ohio 1st Dist. Ct. App. 1988).  The affidavit claimed that plaintiff, at the time of the incident and for some time after, "was highly emotional, moody, tearful, forgetful, distrusting of others, compulsive, uncommunicative and unsupportive."  *Id.*  There, when dealing with a motion for summary judgment, the court held that the "issues of fact remain[ed] as to whether the defendants' conduct caused the[plaintiff] serious emotional distress.  *Id.*  These cases contain certain principles that are consistently

present.  First, where there is no "contemporaneous physical injury, compensable emotional distress must be severe and [debilitating]."  *Knief*, 103 Ohio App.3d at 108.  Second, the claim of "severe and debilitating emotional injury must present some guarantee of genuineness. . . such as expert evidence."  *Id.*.  However, the "guarantee of genuineness", *id.*, is not limited to expert evidence only.  *Uebelacker*, 48 Ohio App.3d at 276 (allowing lay witnesses familiar with plaintiff to supporting evidence).

Here, even if the Court accepts that Defendant has sufficiently plead the first three elements of IIED[1] (for the purposes of Rule 12(b)(6)), he fails on the final, and perhaps most important, element.  He has not sufficiently plead that he has suffered a severe emotional injury.  Defendant has only stated that he suffered "severe emotional distress" and nothing else.  (ECF DKT #59, at 34).  There are no specifics as to how he suffered.  Although heightened factual declarations are not required, *Iqbal*, 556 U.S. at 677-679 (citing *Twombly*, 550 U.S. at 555), something more than merely reciting the elements of the claim is not only required, but it is necessary.  Clearly, it is conceivable that Defendant suffered severe emotional distress.  However, the question is not whether it is conceivable that Defendant suffered severe emotional distress but, rather, whether it is plausible that Defendant suffered severe emotional distress.  *Id.*, at 678 (citing *Twombly*, 550 U.S. at 570).  In fact, this distinction between conceivable and plausible is critical.  Here, Defendant "merely pleads facts that are merely consistent with a defendant's liability."  *Id.*, at 678 (citing *Twombly*, 550

---

[1]   It is debatable whether Defendant has sufficiently plead the first three elements and decisions on each could be found one way or the other.  However, because the Court has found that Defendant has failed to sufficiently plead the final element, the Court need not address these other elements because his claim will fail on this final element, in any event.

8

U.S. at 557) (international quotations omitted).  No additional facts are plead that show that Defendant has suffered emotional distress that is both severe and debilitating, which is required when there is no contemporaneous physical injury.  *Knief* , 103 Ohio App.3d at 108. And because of this, it does not cross the line from what is conceivable to what is plausible.

Distinguishing between an "ordinary loss" and a loss caused by malicious and egregious actions by one out for self-benefit, Di Carlo must allege more than "I have suffered severe emotional distress."  Where is the claim of sleepless nights,  inability to work for a period of time, or that close familial or personal relationships have suffered serious strain due to the additional stress from the situation, or the "change in habitual makeup?"  In Defendant's Counterclaim none of these are present.  Even though Defendant outlines in varying detail *why*  he has suffered severe emotional distress[2], (ECF DKT #59, at 34), he fails to outline *how* he has suffered.   Even conceding that Defendant has suffered emotional distress, he has not shown that he suffered severe emotional distress.

**D.  Defendant's Argument**

Defendant argues that the Magistrate Judge relied upon a case dealing with negligent infliction of emotional distress and, therefore, used the incorrect standard when assessing what level of emotional distress was required.  Defendant fails to take note that in *Yeager*, the Supreme Court of Ohio used the same standard for establishing emotional distress in negligent infliction of emotional distress actions and intentional infliction of emotional distress.  *Yeager v. Local Union 20, Teamsters, Chauffeurs,...*, 6 Ohio St.3d 369, 374 (1983).

---

[2]      The Magistrate Judge likely found that Defendant had sufficiently plead this element of the IIED claim.

9

Regardless, Defendant still has not sufficiently plead to the standard.  (ECF DKT #118, at 18)
Defendant argues that "serious emotional distress may be found where a reasonable person,
normally constitute, would be unable to cope adequately with the mental distress engendered
by the circumstances of the case."  *Id.*  Defendant argues that "[s]evere and debilitating
emotional injury is nothing more than significant changes in the emotional or habitual
makeup of a plaintiff."  *Id.*, at 19.  Defendant relies on the cases of *Knief*  and *Uebelacker*.
Although these statements may be true, Defendant has not alleged sufficient facts to support
them and does not provide any "guarantee of genuineness".  *Knief* , 103 Ohio App.3d at 108.
He still does not state *how* he has suffered "significant changes in [his] emotional or habitual
makeup."  *Id.*   The Court has stated above that merely reciting the elements of a claim is
insufficient.  *Iqbal*, 556 U.S. at 678.

## IV.  CONCLUSION

For the foregoing reasons, Defendant has failed to state a plausible claim for relief  for
Intentional Infliction of Emotional Distress by failing to allege how he has suffered severe
emotional distress.  Therefore, the Magistrate Judge's Report and Recommendation is
adopted and the Court grants Plaintiffs' Motion to Dismiss.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  September 29, 2014

10