UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES R. SWARTZ, JR., et al.,      )   Case No. 1:12CV3112
                              )
     Plaintiffs,             )
                              )
     vs.                   )   JUDGE CHRISTOPHER BOYKO
                              )  (Magistrate Judge Kenneth S. McHargh)
MARK A. DiCARLO,         )
                              )
     Defendant           )
                              )
                              )
                              )  REPORT AND
                              )  RECOMMENDATION

McHARGH, Mag. J.

Plaintiffs filed a complaint against Defendant for defamation (libel), intentional infliction of emotional distress, and invasion of privacy (false light) based on accusations made by the Defendant. Defendant "makes a number of accusations against the Plaintiffs including, but not limited to exerting undue influence over H. Di Carlo, purposefully withholding lifesaving measures, and ultimately causing the death of H. Di Carlo in order to financially benefit from his death," (Doc. No. 1 ¶ 23, 29). Defendant sent these accusations in a fax to Emeritus nursing home where Defendant's father temporarily stayed (Doc. No. 1 ¶ 23). Defendant also sent these accusations in letters to the employers of Plaintiffs James and Tonimarie Swartz. Plaintiffs are asking for $25,000 in punitive damages and $25,000 for attorney costs and other fees.

Defendant has filed a Motion to Dismiss pursuant to Rule 12(b)(6), Rule 12(b)(7), and Rule 12(c) (Doc. No. 126 at ¶ 1-3). Defendant cannot raise a 12(b)(6)or a 12(b)(7)  motion after the filing of an answer which has been done in  this case. He can raise a 12(c) motion after the filing of an answer. The standard of review for dismissal under Rule 12(c) is the same as

12(b)(6). <u>Braun v. Ultimate Jetcharters, Inc.</u>, 5:12CV1635, 2013 WL 623495 (N.D. Ohio Feb. 19, 2013).

The Federal Rules of Civil Procedure state in 8(a)(2) that a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The short, plain statement required in FRCP 8(a)(2) is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Just stating the elements and drawing conclusions is not enough. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). Those factual allegations must be enough to raise a right to relief above the speculative level. 550 U.S. at 555. They must not merely be conceivable but must be plausible. *Id.* at 546. "Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence…" *Id.* at 545.

In addition to requiring more than statements with conclusions, <u>Twombly</u> gives further guidance in determining whether a pleading is sufficient. "Two working principles underlie <u>Twombly</u>. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." <u>Iqbal</u>, 556 U.S. at 663-64.

2

Defendant Di Carlo asserts that Plaintiffs failed to state a claim upon which relief can be granted (Doc. No. 126 at ¶ 1). This determination must be made based on whether Plaintiffs' pleadings in the complaint (Doc. No. 1) are plausible.

One of Defendant's arguments throughout his Motion to Dismiss is that the elements of some of the claims are not listed in complaint (Doc. No. 126 at ¶ 13, 15). FRCP 8(a)(2) does not require a list of the elements to be stated as part of a complaint.

## I.    DEFAMATION

The first count of the Complaint is defamation (libel). "Under Ohio law, defamation is a false publication that injures a person's reputation, exposes him to public hatred, contempt, ridicule, shame, or disgrace, or affects him adversely in his trade or business." Buckner v. Gilliland, 846 F. Supp. 2d 799, 803 (N.D. Ohio 2012) aff'd in part, 507 F. App'x 522 (6th Cir. 2012). Following Murray v. HuffingtonPost.com, Inc., 2:13-CV-1066, 2014 WL 1884319 (S.D. Ohio May 12, 2014), the elements of a defamation claim under Ohio law are:

> (1) a false and defamatory statement;
>
> (2) about the plaintiffs;
>
> (3) published without privilege to a third party;
>
> (4) with fault or at least negligence on the part of the defendants;
>
> (5) that was either defamatory per se or caused special harm to the plaintiffs.

Plaintiffs allege that a fax and letters were sent by Defendant to third parties, a nursing home and the employers of two of the Plaintiffs (Doc. No. 1 at ¶ 23, 26). This is enough for the documents to be considered published because "'Publication,'…includes any communication by the defendant to a third person." Welling v. Weinfeld, 2007-Ohio-2451, 113 Ohio St. 3d 464, 471, 866 N.E.2d 1051, 1057. They further allege that the documents were highly egregious and

3

that the letters were sent to the employers with the intent to cause Plaintiffs harm (Doc. No. 1 at ¶ 23, 29, 31). The Plaintiffs allege that Defendant Di Carlo "makes a number of accusations against the Plaintiffs including, but not limited to exerting undue influence over H. Di Carlo, purposefully withholding lifesaving measures, and ultimately causing the death of H. Di Carlo in order to financially benefit from his death," (Doc. No. 1 at ¶ 23, 29).

Further, Plaintiffs allege that the Defendant's statements are not true (Doc. No. 1 at ¶ 24 and 30). They allege Defendant knew the statements were untrue or could have figured out they were untrue if he had used reasonable care (Doc. No. 1 at ¶ 25 and 32). Plaintiffs additionally allege there was no evidence supporting Defendant's accusations. (Doc. No. 1 at ¶31). Finally, for the last element, Plaintiffs allege that they have suffered injury to their personal and professional reputations and mental anguish as a result (Doc. No. 1 at ¶ 33).

Additionally, Plaintiffs properly allege defamation per se in their complaint. When defamation per se is shown, damages and actual malice are presumed. Kanjuka v. MetroHealth Med. Ctr., 2002-Ohio-6803, 151 Ohio App. 3d 183, 192, 783 N.E.2d 920, 927. A statement is considered defamatory per se if it will cause the person that the statement is about to be ridiculed, hated, or held in contempt because of the reflection on their character or that will hurt the person in regards to their occupation. Sullins v. Raycom Media, Inc., 2013-Ohio-3530, 996 N.E.2d 553, 561. Plaintiffs allege that accusations against them of unduly influencing H. Di Carlo to change his will, purposefully withholding lifesaving measures, and murdering H. Di Carlo all for their financial benefit meet what would be considered defamatory per se (Doc. No. 127 at 11). Further, Plaintiffs allege that since letters were sent to employers of James and Tonimarie Swartz with similar accusations, along with additionally stating that H. Di Carlo's lapse into an unconscious state in their presence "very suspicious," was done intentionally to

harm them in their professional positions, which is defamation per se (Doc. No. 127 at 12). Plaintiffs have effectively argued defamation per se therefore damages and actual malice are presumed.

Defendant Di Carlo's response to the defamation (libel) claim is that Plaintiffs do not provide the alleged statements that were false and defamatory in their complaint or what matters Defendant knew or should have known (Doc. No. 126 at ¶ 5). Defendant continues to assert throughout his Motion to Dismiss that there are no statements by Plaintiffs of what was false or what he should have known. (Doc. No. 126 at ¶ 7, 11-12). Plaintiffs argue what was stated in the complaint for each element demonstrates what Defendant knew or should have known to be false and defamatory (Doc. No. 127 at 3-9).

In Roe v. Franklin Cty., 109 Ohio App. 3d 772, 785, 673 N.E.2d 172, 181 (1996), the plaintiff stated all the elements of defamation in his complaint which was enough to survive a motion to dismiss since they were accepted as true under FRCP 12(b)(6). Because the Plaintiffs alleged all of the elements of defamation with enough necessary factual support, which should be accepted as true, the claim is plausible. Therefore, they are able to withstand a motion to dismiss. The Motion to Dismiss the first claim should be denied.

II.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The second count of the complaint is intentional infliction of emotional distress. According to Coley v. Lucas Cnty., Ohio, 3:09-CV-00008, 2014 WL 273194 (N.D. Ohio Jan. 23, 2014), the elements for IIED under Ohio law are:

"(1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff;

5

(2) the defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community;

(3) the defendant's conduct was the proximate cause of plaintiff's psychic injury; and

(4) the plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it."

The Ohio Supreme Court defined "serious" as "emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." Paugh v. Hanks, 6 Ohio St. 3d 72, 78, 451 N.E.2d 759, 765 (1983). Paugh goes on to state that "some examples of serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia." Id.

Plaintiffs allege all the elements of intentional infliction of emotional distress but merely stating them is not enough, they must be considered plausible and supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). Plaintiffs allege that sending the letters that were directed towards the Plaintiffs show that Defendant intended to cause serious emotional distress (Doc. No. 1 at ¶ 35). Plaintiffs allege that the claims Defendant made about Plaintiffs murdering H. Di Carlo for financial benefit as well as the other allegations were extreme and outrageous (Doc. No. 1 at ¶ 36). Plaintiffs allege that the accusations directly and proximately caused Plaintiff's serious emotional distress (Doc. No. 1 at ¶ 37).  And finally, Plaintiffs allege that they have mental anguish and suffered injury to their personal and professional reputations and continue to (Doc. No. 1 at ¶ 38). Defendant's

6

only response is that the plaintiffs do not apply the elements (Doc. No. 126 at 4).

Despite alleging each element, the Plaintiffs allegations for the fourth element are not sufficient. They allege Defendant Di Carlo "directly and proximately caused Plaintiffs serious emotional distress," and that they "have suffered, or continue to suffer, injury to their personal and professional reputations, pain, and mental anguish which is continuing in nature," (Doc. No. 1 ¶ 38). Using the Ohio Supreme Court's definition of serious injury, Plaintiffs do not allege "emotional injury which is both severe and debilitating," or that they are "unable to cope adequately with the mental distress engendered by the circumstances of the case" well enough to survive a motion to dismiss for an intentional infliction of emotional distress claim. *Id*. The Motion to Dismiss the second claim should be granted.

### III.    INVASION OF PRIVACY

The third claim of the complaint is invasion of privacy (false light). According to <u>Murray v. HuffingtonPost.com, Inc.</u>, 2:13-CV-1066, 2014 WL 1884319 (S.D. Ohio May 12, 2014), "Ohio law provides that one who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy if

> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."

Further, the statement made must be untrue and the information must be publicized. Making a statement publicized means that it "is made public, by communicating it to the public

7

at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Welling, 113 Ohio St. 3d 464.

Plaintiffs in the Swartz case do not know how many people the information has reached but they state that by sending the fax and letters, they "were made public, by communicating them to the public at large, or to so many persons associated with Emeritus and the United States Department of Veterans Affairs that it was substantially certain that the matters were to become one of public knowledge," (Doc. No. 1 at ¶ 41).

Defendant asserts that the documents were not communicated to the public at large or so many persons that the matter can be regarded as substantially certain to become one of public knowledge (Doc. No. 126 at ¶ 22).

While a group of people might have been likely to see the fax, the standard that the information must be made public "by communicating it to the public at large or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge," is not fulfilled. Welling, 113 Ohio St. 3d 464. The information was not publicized in a newspaper, on the internet, in a speech to a large crowd, or in any way that would make it substantially certain to become something of public knowledge. Even though it might be more likely that a larger number of people saw the letters sent to the United States Department of Veterans Affairs than the fax to Emeritus, it is still not plausible that the information became public knowledge.

Plaintiffs further allege in their complaint that the statements that were made were of such a "highly offensive nature to a reasonable person, that Plaintiffs are justified in the eyes of the community to feel seriously offended and aggrieved by the publicity," (Doc. No. 1 at ¶ 42). Plaintiffs also allege that Defendant "had knowledge of or acted with reckless disregard as to the

8

falsity of the publicized statements and the false light in which the Plaintiffs would be placed," (Doc. No. 1 at ¶43).

Defendant does not respond to these direct points other than to state that the Plaintiffs did not assert facts necessary to bring this cause of action (Doc. No. 126 at ¶15). Defendant states that "an action for publicizing one's private facts is based upon the fact that the statements are true," which is a misquote and a misunderstanding of <u>Bertsch v. Commc'ns Workers of Am., Local 4302</u>, 101 Ohio App. 3d 186, 655 N.E.2d 243, 247 (1995) (Doc. No. 126 at. ¶ 25). The actual quote that the Defendant refers to from the case is "Because the statements that are the basis of an action for the publicizing of one's private affairs are deemed to be true, it is illogical to discuss the defendant's degree of fault in determining their truthfulness." *Id.* at 192. Plaintiffs are arguing that the statements are not true and that the defendant does have fault for not determining their truthfulness.

Defendant states in regard to damages for publicity that "It has not been established with certainty that liability of this nature is consistent with the free-speech and free-press provisions of the First Amendment to the Constitution…." (Doc. No. 126 at ¶ 19). The Ohio Supreme Court in <u>Welling</u> has recognized that the tort of false-light invasion of privacy coexists, along with the constitutional protections under the First Amendment. <u>Welling</u>, 113 Ohio St. 3d 464, 473. Because of this decision by the <u>Welling</u> court, this assertion by the Defendant has no merit.

While the Plaintiffs do make an assertion for each element of invasion of privacy (false light), the statements were not communicated in a way that would plausibly become public knowledge. Since "communicating it to the public at large or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge" is a requirement

for an invasion of privacy false light claim and this was not plausibly alleged therefore this claim should be dismissed. *Id.* at 464. The Motion to Dismiss should be granted, as to the third claim.

IV.    <u>RECOMMENDATION</u>

The Motion to Dismiss (Doc. No. 126) should be GRANTED in part, as to the second and third claims, and DENIED in part, as to the first claim.

Dated:  <u>Oct. 21, 2014</u>       <u>/s/ Kenneth S. McHargh</u>
                             Kenneth S. McHargh
                             United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).