UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. SWARTZ, JR., et al., | ) | Case No. 1:12CV3112 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| MARK A. DiCARLO, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |
| | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, Mag. J.

Plaintiffs James Swartz, Jr., Tonimarie Swartz and Vilma Swartz filed a complaint on November 7, 2012 against Defendant Mark Di Carlo in the Lake County Common Pleas Court for defamation (libel), intentional infliction of emotional distress, and invasion of privacy (false light) (Doc. No. 1, Ex. 1). Defendant Di Carlo filed an Answer along with an Objection to Jurisdiction and/or Motion to Transfer and a Counter-Claim and Cross Claim (Doc. No. 1, Ex. 2). This pleading contained allegations purporting to assert "claims" against non-parties Aultman Health Foundation ("Aultman"), Emeritus Senior Living ("Emeritus"), and Steven Komarjanski (Doc. No.1, Ex. 2). Defendant Di Carlo removed the case to this Court on December 27, 2012.

On January 10, 2013, "cross-claim" Defendant Aultman filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Similarly, on February 27, 2013, "cross-claim" Defendant Emeritus filed a Motion for Judgment on the Pleadings. On July 31, 2013 Di Carlo filed an Amended Answer (Doc. No. 59) with "counter-claims" and "cross-claims" that were very similar to his first Answer (Doc. No. 1, Ex. 2). It more clearly alleged that

1

the intentional infliction of emotional distress claim was against all Plaintiffs and named third-parties due to confusion in the previous Answer. On August 6, 2013, the Court dismissed Di Carlo's claims against Aultman and Emeritus (Doc. No. 63).

The Amended Answer (Doc. No. 59) alleged "claims" specifically naming "cross-claim" defendant Steven Komarjanski under Ohio's wrongful death statute, the federal Racketeer Influenced and Corrupt Organizations ("Rico") Act, intentional infliction of emotional distress, professional malpractice, and fraud. On April 23, 2014, "cross-claim" Defendant Stephen Komarjanski filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 108). Defendant Di Carlo did not file a motion in opposition to Komarjanski's Motion to Dismiss.

Standard of Review for 12(b)(6) Motions

Di Carlo's pleadings must fall under those allowed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 7 states:

  (a) …Only these pleadings are allowed:

      (1) a complaint;

      (2) an answer to a complaint;

      (3) an answer to a counterclaim designated as a counterclaim;

      (4) an answer to a crossclaim;

      (5) a third-party complaint;

      (6) an answer to a third-party complaint; and

      (7) if the court orders one, a reply to an answer.

Defendant Di Carlo has sued Komarjanski under what is alleged to be a "cross-claim," (Doc. No. 59). To properly sue for a crossclaim according to Fed. R. Civ. P. 13(g), the claim

must arise "by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." In Asher v. Rack Conveyor Installation, Inc., 375 F. App'x 576, 579 (6th Cir. 2010), co-parties are defined as those that have "like status." Defendant Di Carlo and Komarjanski do not have "like status" because Komarjanski is not named as a defendant in Plaintiff's complaint. Because Komarjanski is not named as a Defendant in this case, Defendant Di Carlo cannot plead a "cross-claim" against Komarjanski.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(1)(1). "(A)n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does rise out of the same general set of facts as the main claim." Se. Mortgage Co. v. Mullins, 514 F.2d 747, 749 (5th Cir. 1975). Here, nothing that Di Carlo alleges in his Amended Answer makes Komarjanski liable for the allegations put forth by Plaintiffs in the complaint and Defendant Di Carlo cannot bring in separate claims.

Di Carlo's "cross-claims" do not fit within a pleading under Rule 7. Komarjanski is not a coparty under Fed. R. Civ. P. 13(g) because he was not named as a Defendant by the Plaintiffs. Further, Komarjanski cannot be brought as a third party as he is not liable for the claims brought by Plaintiffs, and Defendant Di Carlo cannot create a third party claim based out of the same transaction in the way he has attempted to. Defendant Di Carlo's claims against Komarjanski should be dismissed.

In the absence of any opposition by Defendant Di Carlo, and given that the court finds Di Carlo's purported "cross-claims" are impermissible, the court does not find it necessary to

3

address the arguments put forth by Komarjanski on the individual "cross-claims" alleged Di Carlo.

## RECOMMENDATION

The Motion to Dismiss First Amended "Crossclaim" Against Stephen Komarjanski (Doc. No. 108) should be GRANTED.

Dated:   Oct. 24, 2014            /s/ Kenneth S. McHargh
                                                    Kenneth S. McHargh
                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).