UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. SWARTZ, JR., et al., | ) | Case No. 1:12CV3112 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| MARK A. DiCARLO, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |
| | ) | MEMORANDUM |
| | ) | AND ORDER |

McHARGH, Mag. J.

The plaintiffs James R. Swartz, Jr., Tonimarie Swartz, and Vilma Swartz (collectively, "the Swartzes," or "plaintiffs") originally filed this action in the Lake County (Ohio) Court of Common Pleas against defendant Mark A. Di Carlo ("Di Carlo"), alleging three claims: (1) Defamation (libel); (2) Intentional infliction of emotional distress; and, (3) Invasion of privacy (false light). (Doc. 1, exh. 1, complaint.) The case was removed to this court by Di Carlo on Dec. 27, 2012. (Doc. 1.)

The court held a case management conference on May 17, 2013, at which time the dispositive motion deadline had been set for March 3, 2014. (Doc. 46.) The action was stayed for a period of time, from August 20, 2013, through April 7, 2014. See doc. 68 (Di Carlo's motion for stay), 99.

On April 7, 2014, the court modified the case management plan, and set a new dispositive motion deadline date as July 30, 2014. (Doc. 99.) On July 30, 2014, Di Carlo filed a timely motion to dismiss for failure to state a claim. (Doc. 126.) The plaintiffs filed a brief in opposition (doc. 127), and the undersigned submitted a Report and Recommendation on the matter (doc. 129).

The plaintiffs (doc. 132) and the defendant Di Carlo (doc. 133) each filed objections to aspects of the Report and Recommendation, and Di Carlo's motion to dismiss is currently before the District Judge for his consideration.

On November 4, 2014, along with his objections to the Report and Recommendation, Di Carlo filed a Motion for Leave to file a Motion for Judgment on the Pleadings. (Doc. 133, at 1, 15-19.) Di Carlo appears to believe that the dispositive motion deadline was March 3, 2014. (Doc. 133, at 15, 18.) The deadline was in fact July 30, 2014, and Di Carlo filed a timely dispositive motion on that date. (Doc. 99, 126.)

Di Carlo states that he should be entitled to judgment on the pleadings because the plaintiffs have not filed an Answer to the complaint. He also contends that he is entitled to judgment on the pleadings because the plaintiffs "did not file an Amended Complaint suitable for Federal Court regarding which facts asserted by the defendant were not true, nor did they answer the Defendant's counterclaims, and requests that the case be dismissed..." (Doc. 133, at 18.) Whatever the merits of the contentions raised by Di Carlo, these arguments could have been raised

within the period contemplated by the amended case management deadlines, that is, by July 30, 2014. His proposed motion is untimely, by over three months.

Di Carlo also cites Rule 12(h)(2), stating that a Motion for Judgment on the Pleadings may be filed at trial. (Doc. 133, at 15.) This case has not yet reached the trial phase, thus Rule 12(h) does permit the filing of his untimely motion at this point.

Di Carlo has failed to show good cause why a Motion for Judgment on the Pleadings could not have been filed in a timely manner, that is, by the dispositive motion deadline of July 30, 2014. The motion for leave is denied.

## SUMMARY

Di Carlo's motion (doc. 133) for leave to file an untimely motion for judgment on the pleadings is DENIED.

IT IS SO ORDERED.

Dated:  Nov. 17, 2014                 /s/ Kenneth S. McHargh
                                      Kenneth S. McHargh
                                      United States Magistrate Judge