UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES R. SWARTZ, JR., et al., | Case No. 1:12CV3112 |
| Plaintiffs, | |
| vs. | JUDGE CHRISTOPHER BOYKO |
| | (Magistrate Judge Kenneth S. McHargh) |
| MARK A. DiCARLO, | |
| Defendant | |
| | MEMORANDUM |
| | AND ORDER |

McHARGH, Mag. J.

The plaintiffs James R. Swartz, Jr., Tonimarie Swartz, and Vilma Swartz (collectively, "the Swartzes," or "plaintiffs") originally filed this action in the Lake County (Ohio) Court of Common Pleas against defendant Mark A. Di Carlo ("Di Carlo"), alleging three claims: (1) Defamation (libel); (2) Intentional infliction of emotional distress; and, (3) Invasion of privacy (false light). (Doc. 1, exh. 1, complaint.) The case was removed to this court by Di Carlo on Dec. 27, 2012. (Doc. 1.)

Currently before the court is Plaintiff's Motion to Strike and Motion for Sanctions. (Doc. 124.)

Plaintiffs move to strike three paragraphs and an affidavit from Di Carlo's motion for a continuance. They assert that the implications of certain arguments in support of his motion are scandalous and improper. (Doc. 124, at 4.) The parties

have filed multiple "motions to strike" in this case (see, e.g., doc. 76, 78, 84), and have already been advised that a "motion to strike" applies only to "pleadings." Fed. R. Civ. P. 12(f); see also Fed. R. Civ. P. 7(a) (pleadings). See, e.g., Waltner v. United States, 98 Fed.Cl. 737, 766 (Fed. Cl. 2011), aff'd, 679 F.3d 1329 (Fed. Cir. 2011) (other documents may not be attacked by motion to strike) (citing cases); Fox v. Michigan State Police Dept., No. 04–2078, 2006 WL 456008, at *2 (6th Cir. Feb. 24, 2006) (not to exhibits attached to dispositive motion); Pilgrim v. Trustees of Tufts College, 118 F.3d 864, 868 (1st Cir. 1997) (not to briefings on dispositive motions); Johnson v. Manitowoc Boom Trucks, Inc., 406 F.Supp.2d 852, 864 n.10 (M.D. Tenn. 2005), aff'd, 484 F.3d 426 (6th Cir. 2007); VanDanacker v. Main Motor Sales Co., 109 F.Supp.2d 1045, 1047 (D. Minn. 2000).

Even where such a motion is proper under the Civil Rules, "courts view motions to strike with disfavor and rarely grant them." Waltner, 98 Fed.Cl. at 766; see also BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) ("extreme and disfavored measure"); Boreri v. Fiat S.p.A., 763 F.2d 17, 23 (1st Cir. 1985) (disfavored) (citing cases).

The motion to strike in this instance refers to material appearing in a motion for continuance (doc. 123), which has already been denied (doc. 125). Counsel for the plaintiffs takes offense at Di Carlo's asserting that there may be some "legal and ethical implications" arising from counsel's failure to research the insurance implications of the suit against Di Carlo. (Doc. 124, at 3-4; doc. 123, at 2-3.) Plaintiffs' counsel asserts, not unreasonably, that it was defendant's burden to

determine what, if any, insurance coverage might be involved. (Doc. 124, at 3-4.) In any event, the court finds that the "motion to strike" is unwarranted. The motion to strike is DENIED.

Along with the "motion to strike," plaintiffs seek sanctions, supported by a citation to DBT Prods. v. Lexmark Int'l, 602 F.3d 742, 754 (6th Cir. 2010) (harassing opposing party, delaying or disrupting litigation, hampering enforcement of court order, or making improper use of courts). (Doc. 124, at 4-5.)

Generally, a federal court can impose sanctions under its inherent powers when "(1) a party acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or (2) a party acted in a manner that was tantamount to bad faith." Codonics, Inc. v. Datcard Sys., Inc., No. 1:08CV1885, 2009 WL 1565951, at *2 (N.D. Ohio June 3, 2009) (internal citations omitted). Other examples of conduct which would warrant sanctions under a court's inherent authority would include: threatening and harassing a party to force a settlement, continuously attempting to evade a court's order or injunction, or having a history of forum shopping and abusing the legal process. Id. (citing cases).

The court does not find that sanctions based on defendant's arguments in support of his motion for continuance (doc. 123) are appropriate. The motion for sanctions is DENIED.

SUMMARY

The plaintiffs's motion to strike, and motion for sanctions (doc. 124) are DENIED.

IT IS SO ORDERED.

Dated:  Feb. 26, 2015                       /s/ Kenneth S. McHargh
                                                            Kenneth S. McHargh
                                                            United States Magistrate Judge