UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. SWARTZ, JR., ET AL., | ) | CASE NO.1:12CV3112 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MARK A. DI CARLO, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (ECF # 129) that Defendant's Motion to Dismiss (ECF # 126) be granted, in part, and denied, in part. Both Plaintiffs and Defendant have filed timely Objections to the Magistrate Judge's Report and Recommendation. Having considered the Report and Objections, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and grants Defendant's Motion to Dismiss Counts II and III of Plaintiffs' Complaint and denies Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint.

In November of 2012, Plaintiffs filed a Complaint against Defendant in the Lake County Court of Common Pleas, alleging claims for Defamation (libel), Intentional Infliction of Emotional Distress ("IIED") and Invasion of Privacy (false light). These claims were based on accusations leveled against Plaintiffs by Defendant, arising from their care of Defendant's father H. Di Carlo. Defendant accused Plaintiffs of exerting undue influence over H. Di Carlo and purposefully withholding life saving care which ultimately resulted in H. Di Carlo's demise. Defendant alleged Plaintiffs took these measures in order to

financially gain from H. Di Carlo's death. Defendant sent these accusations in a fax to Emeritus nursing home where his father temporarily received care and also sent these accusations in letters to Plaintiffs Tonimarie and James Swartz's employers.

Defendant filed his Motion to Dismiss Plaintiffs' claims under Fed R. Civ. P. 12(b)(6), 12(b)(7) and 12(c). Defendant moved to dismiss the Defamation claim because Plaintiffs': did not attach the alleged defamatory letter; failed to identify which statements were false and defamatory and failed to state which accusations Defendant knew or should have known were untrue.

Defendant moved to dismiss Plaintiffs' Intentional Infliction of Emotional Distress because Defendant contends the Complaint fails to assert or apply the elements of an IIED claim and fails to allege sufficient facts to support the claim.

Lastly, Defendant moved to dismiss Plaintiffs' Invasion of Privacy False Light claim because the facts fail to support such a claim and Plaintiffs' did not allege that the invasion of privacy involved publicity to the public at large; a necessary element of the claim.

On October 21, 2014, the Magistrate Judge issued his Report and Recommendation, recommending that Defendant's Motion to Dismiss be denied with regards to the Defamation claim but granted as to the IIED and Invasion of Privacy claims.

As an initial matter, the Magistrate Judge determined Defendant could not move to dismiss under Fed R. Civ. P. Rule 12(b)(6) or 12(b)(7) because he had already filed an Answer. Therefore, the Magistrate Judge proceeded to analyze the Motion under Fed. R. Civ. P. 12(c). Neither party objects to the Magistrate Judge's conclusion.

According to the Report and Recommendation, Plaintiffs' Defamation claim survives

because Plaintiffs have pled sufficient facts, making their claim plausible. The facts as alleged describe that Defendant sent a letter via fax to third parties-i.e. a nursing home and Plaintiffs' employers. The letter contained accusations that were intended to cause harm to Plaintiffs by alleging Plaintiffs exerted undue influence over H. Di Carlo and purposefully withheld lifesaving measures, resulting in H. Di Carlo's death. Defendant accuses Plaintiffs of taking these actions in order to financially gain from H. Di Carlo's death. Plaintiffs' Complaint further alleges these statements are untrue and/or Defendant could have figured out they were untrue if he had used reasonable care. Plaintiffs allege there is no evidence to support Defendant's accusations and these accusations resulted in injury to Plaintiffs' professional reputations and caused them mental anguish. The Magistrate Judge determined Plaintiffs' had alleged sufficient facts to support a defamation per se claim. In short, all the elements of a Defamation claim were sufficiently pled and supported with facts.

The Magistrate Judge determined that Plaintiffs' Complaint failed to sufficiently plead serious injury in support of their IIED claim. The Magistrate Judge recommends that Plaintiffs' allegations that Defendant "directly and proximately caused Plaintiffs serious emotional distress," and that they "have suffered, or continue to suffer, injury to their personal and professional reputations, pain, and mental anguish which is continuing in nature," insufficiently plead serious emotional injury as defined by the Ohio Supreme Court.

Lastly, the Magistrate Judge recommends the Court dismiss Plaintiffs' Invasion of Privacy False Light claim because Plaintiffs' failed to allege sufficient facts showing that Defendant publicized the false light information to the public at large or to a sufficiently large group of people so as to render the matter public knowledge.

Both Plaintiffs and Defendant filed timely Objections to the Magistrate Judge's Report and Recommendation.

**LAW AND ANALYSIS**

**Standard of Review**

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the District Court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn* 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

**Defendant's Objections**

Defendant makes a general objection that the Court has held Defendant to a stricter pleading standard than Plaintiffs. As evidence, Defendant asks the Court to take judicial notice of the motions to dismiss filed by Aultman Hospital, Emeritus, and Stephen Komarjanski, Defendant's responses and the Recommendations, Objections and Court Orders.

Defendant argues these evidence that none of his factual assertions were disputed by the parties, yet all of his claims against them were dismissed.

The Court finds no merit to Defedant's assertion.  The reasons for the dismissals are laid out in the Report and Recommendations of the Magistrate Judge and the subsequent Orders of the Court.  The legal reasoning and supporting caselaw are presented therein and, in the Opinion of the Court, required dismissal of Defendant's claims.   Defendant fails to point the Court to any specific example of a double standard; instead he relies on  unspecified generalizations.  Therefore, the Court finds his argument unpersuasive.

Defendant further objects to the leniency afforded Plaintiffs' counsel, which Defendant contends violates his substantive due process rights.  Defendant contends that he was denied similar leniency.  The Court disagrees.  The leniency denied Defendant was the leniency afforded pro se litigants.  The Magistrate Judge denied such leniency to Defendant because Defendant is a licensed attorney in the State of Texas.  Although he is acting pro se, he possesses the necessary legal training and knowledge to prosecute his own claims while defending against Plaintiffs' claims.  Plaintiffs have not been afforded the leniency given to pro se litigants either since they are represented by counsel, therefore, Defendant's due process argument, based on the denial of such leniency, fails.

Defendant further offers a number of examples of Plaintiffs' counsels' alleged failures to abide by the Ohio Rules of Professional Conduct and Federal Rule of Civil Procedure 11.  While these may form the basis of a motion for sanctions, they do nothing to challenge the correctness of the Magistrate Judge's Report and Recommendation and are not a proper basis for objections to the substantive recommendations made by the Magistrate Judge.  Therefore,

the Court finds Defendant's argument unpersuasive.

Next, Defendant contends he is held to a stricter pleading standard because the Court held Defendant had the burden to establish the Court's jurisdiction over his own Counterclaims but did not place the same burden on Plaintiffs. There is a very simple reason for this. Plaintiffs challenged Defendant's standing to assert a wrongful death claim because he was not a court appointed representative as required by Ohio law. As standing is jurisdictional, the legal standard applied is substantively different than that of a motion to dismiss brought under Fed R. Civ. P. 12(b)(6), 12(b)(7) or 12c). Therefore, Defendant's Objection based on a stricter pleading standard fails.

Lastly, Defendant contends Plaintiffs failed to plead plausible facts to support the elements of a Defamation claim. The Magistrate Judge held Plaintiffs' Complaint contains sufficient facts to support such a claim and the Court agrees.

In concluding that Plaintiffs' Defamation claim plausibly states a claim for relief, the Magistrate Judge recited the elements of a Defamation claim as found in *Murray v. HuffingtonPost.com, Inc.,* 2:13-CV-1066, 2014 WL 1884319 (S.D. Ohio May 12, 2014). These elements under Ohio law are:

(1) a false and defamatory statement;

(2) about the plaintiffs;

(3) published without privilege to a third party;

(4) with fault or at least negligence on the part of the defendants;

(5) that was either defamatory per se or caused special harm to the plaintiffs.

The Magistrate Judge then considered these elements in light of the standard set by the

United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In their Complaint, Plaintiffs describe a fax sent by Defendant to Emeritus and other entities, alleging that Plaintiffs exerted undue influence over H. Di Carlo and purposefully withheld lifesaving measures, resulting in H. Di Carlo's death. Defendant accused Plaintiffs of engaging in these actions for Plaintiffs' own financial gain. Plaintiffs allege these statements were untrue and defamatory. The Magistrate Judge correctly held that under *Twombly* and *Iqbal* these allegations were sufficient to satisfy elements 1, 2 and 3 of a Defamation claim.

The Court agrees with the Magistrate Judge. While Defendant challenges the veracity of these allegations, on a Motion for Judgment on the Pleadings, the Court must accept these allegations as true. See *Commercial Money Center, Inc. v. Illinois Union Ins. Co.* 508 F.3d 327, 336 (6th Cir. 2007) ("...we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law.").

The Magistrate Judge found Plaintiffs had sufficiently alleged that the accusations were untrue, that Defendant knew them to be untrue or could have figured out they were untrue if he had used reasonable care. The Magistrate Judge held these satisfied element four of a Defamation claim.

Again, the Court agrees with the Magistrate Judge's Recommendation given the requirement that the Court must assume the allegations are true at this stage of the proceedings, though the trier of fact must ultimately determine the veracity of the accusations.

Lastly, the Magistrate Judge determined that the Complaint sufficiently alleged special

7

harm because Plaintiffs' Complaint alleges Plaintiffs suffered injury to their personal and professional reputations and suffered mental anguish. Furthermore, the Magistrate Judge found Plaintiffs had sufficiently pled defamation per se given that Defendant sent the accusations in a letter to their employers. "Defamation *per se* occurs if a statement, on its face, is defamatory." *Kendel v. Local 17-A United Food and Commercial Workers,* 835 F.Supp.2d 421, 433 (N.D.Ohio,2011). Damages are presumed where defamation per se occurs. See *id*. Given the particularly egregious actions Defendant attributes to Plaintiffs, including the intent to cause the death of Defendant's father for Plaintiffs' own personal gain, the Magistrate Judge correctly determined such accusations, if untrue, are defamation per se. The Court agrees and finds the Magistrate Judge correctly determined Plaintiffs' Complaint sufficiently states a claim for Defamation (libel). Therefore, the Court finds Defendant's Objections meritless and Accepts and Adopts the Magistrate Judge's Recommendation that Defendant's Motion to Dismiss Count I (Defamation) of Plaintiffs' Complaint be denied.

**Plaintiffs' Objection**

Plaintiffs do not object to the Magistrate Judge's Recommendation that the Invasion of Privacy claim be dismissed. Plaintiffs object to the Magistrate Judge's Recommendation that Plaintiffs' IIED claim be dismissed for failure to allege sufficient facts to support the claim. Plaintiffs contend the Magistrate Judge failed to apply the precedent set by this Court in a prior ruling, upholding the Magistrate Judge's recommendation that Defendant's IIED Counterclaim be dismissed.

> In order to prevail on a claim for IIED Plaintiff must prove:
>
> (1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the

plaintiff;

(2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community;

(3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and

(4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it.

*Kovac v. Superior Dairy, Inc.* 930 F.Supp.2d 857, 870 (N.D.Ohio,2013) citing *Talley v. Family Dollar Stores of Ohio, Inc.,* 542 F.3d 1099, 1110 (6th Cir.2008).

"Conduct giving rise to an IIED claim must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Kovac,* 930 F. Supp.2d at 870 quoting *Long v. Ford Motor Co.,* 193 Fed. Appx. 497, 503 (6th Cir.2006). "[T]o say that Ohio courts narrowly define 'extreme and outrageous' conduct would be something of an understatement." *Baab v. AMR Servs. Corp.,* 811 F.Supp. 1246, 1269 (N.D.Ohio 1993). "'Serious' emotional distress must be 'severe and debilitating.'" *Kovac,* 930 F. Supp.2d at 870, see also *Long,* 193 Fed. Appx. at 503 quoting *Paugh v. Hanks,* 6 Ohio St.3d 72 (1983).

In his Report and Recommendation, the Magistrate Judge considered Plaintiffs' allegations under the *Twombly/Iqbal* analysis and found the allegations insufficient to satisfy the fourth prong of an IIED claim. In his Recommendation, the Magistrate Judge held:

Despite alleging each element, the Plaintiffs allegations for the fourth element are not sufficient. They allege Defendant Di Carlo "directly and proximately caused Plaintiffs serious emotional distress," and that they "have suffered, or

9

> continue to suffer, injury to their personal and professional reputations, pain, and mental anguish which is continuing in nature," (Doc. No. 1 ¶ 38). Using the Ohio Supreme Court's definition of serious injury, Plaintiffs do not allege "emotional injury which is both severe and debilitating," or that they are "unable to cope adequately with the mental distress engendered by the circumstances of the case" well enough to survive a motion to dismiss for an intentional infliction of emotional distress claim. *Id*. The Motion to Dismiss the second claim should be granted.

(R & R pg.7).

Plaintiffs contend the Magistrate Judge's Recommendation ignores this Court's prior holding of September 29, 2014, wherein the Court, in adopting the Magistrate Judge's Recommendation that Defendant's Counterclaim for IIED be dismissed, held:

> In *Tuleta v. Med. Mut. of Ohio*, 6 N.E.3d 106, 118 (Ohio 11th Dist. Ct. App. 2014), in order to satisfy the element of serious emotional distress, plaintiff stated that he had suffered physical and psychological injuries. The plaintiff claimed that he had suffered "permanent injury to his reputation, economic loss and damages, pain and suffering, and past and future severe emotional distress." *Id.*  This serves as a good example of the level of pleading required to
> demonstrate *how* the individual has suffered severe emotional distress.

Plaintiffs contend that by stating that allegations of permanent injury to reputation, economic loss and damages, pain and suffering and past and future severe emotional distress are "good examples" of the level of pleading required to demonstrate how a person has suffered severe emotional distress, the Court must reject the Magistrate Judge's Recommendation of dismissal because the Plaintiffs' allegations are nearly identical to the above, Court-approved language.

Furthermore, Plaintiffs contend the Magistrate Judge applied an incorrect legal standard in reaching his recommendation of dismissal.  According to Plaintiffs, the Magistrate Judge's Recommendation relied on *Paugh v. Hanks*, 6 Ohio St. 3d 72 (1983), for

its conclusion that "serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.". *Id* at 78 . *Paugh* goes on to state that "some examples of serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia." *Id.*

Plaintiffs argue that *Paugh* was determined on a Motion for Summary Judgment, which is a much different and higher standard than a Motion for Judgment on the Pleadings. Furthermore, *Twombly* and *Iqbal* merely require that a complaint allege sufficient facts to state a claim that is plausible on its face.

Having considered Plaintiffs' Objections the Court finds them unavailing and ACCEPTS and ADOPTS the Magistrate Judge's Recommendation that Plaintiffs' IIED claim be dismissed. When analyzing the sufficiency of a Complaint in light of a Motion for Judgment on the Pleadings the Court's analysis mirrors that of a Motion to Dismiss in that the court construes the complaint in the light most favorable to the nonmoving party, accepts their allegations as true, and draws all reasonable inferences in favor of the non-moving party. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, this does not apply to legal conclusions or factual inferences because the court does not have to "accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). Therefore, where a Complaint alleges only legal conclusions devoid of factual underpinning, the Court does not accept these conclusions as true.

Next, the Court must analyze the allegations in the Complaint under plausibility standard as set forth in the United States Supreme Court holdings in *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Twombly* and *Iqbal* the United States Supreme Court determined that a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  In other words, a complaint must provide the reasons for entitlement to relief, and this requires more than labels and conclusions or mere recital of the elements of a cause of action. "A claim has facial plausibility when the [complaining party] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The Court in *Iqbal* explained that where "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between [conceivable] and plausib[le]. . . .'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

      Plaintiffs are correct that plausibility is the lynchpin when determining whether a complaint states sufficient facts to support the claims.  Yet, the Court finds the Magistrate Judge's Recommendation applies the correct legal standard.  The Magistrate Judge correctly relied on the Ohio Supreme Court's definition of severe emotional distress in *Paugh*, even though *Paugh* was determined on a motion for summary judgment.  In *Day v. National Elec. Contractors Ass'n*, --- F.Supp.2d ----, No. 13Cv547, 2014 WL 7723580 (S.D.Ohio, March 31, 2014), the Southern District of Ohio court applied *Paugh*'s severe emotional distress definition in its holding on a motion to dismiss.  While *Paugh* was decided on a motion for summary judgment, the Ohio Supreme Court discussed what constitutes severe emotional distress, a definition applicable to both negligent and intentional infliction causes of action.  In citing to *Paugh*, the Magistrate Judge did not improperly consider evidence, instead,

relying on *Paugh*'s definition of severe emotional distress in order to determine if Plaintiffs' allegations plausibly stated a claim for IIED. Therefore, the Court finds the Magistrate Judge correctly relied on the *Paugh* definition. The Magistrate Judge did not incorrectly apply the Rule 56 summary judgment standard to Defendant's Motion. Rather, the Magistrate Judge correctly described the insufficiency of Plaintiffs' allegations, which is the appropriate analysis on Motion for Judgment on the Pleadings.

Also, the Magistrate Judge's Recommendation that Plaintiffs' Complaint for IIED be dismissed for failing to plead a plausible claim does not run afoul of the Court's prior ruling. First, Plaintiffs' Complaint is brought on behalf of multiple Plaintiffs. As the United States Supreme Court stated in *Iqbal*, each case is context-specific and courts may rely on their own experience and common sense to determine whether the factual allegations plausibly support the claim. *Id.* at 663-664. In this Court's experience no two, let alone three people, suffer the exact same severe emotional distress arising from the same incident. Allegations that all three Plaintiffs suffered the same severe emotional distress without some distinguishing factual allegations are by definition, conclusory, and are insufficient to state a claim.

Second, Plaintiffs must allege plausible facts to support ***each*** element of a claim. Again, the Supreme Court in *Iqbal* held "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* " A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id*. The Court's previous Order held Defendant's

Counterclaim failed to state a claim for IIED and cited *Tuleta* for the proposition that its allegations of emotional injuries were a good example of how a plaintiff suffered injury. That is not to say that such a recitation alone satisfies the *Twombly/Iqbal* requirement that allegations in a Complaint must assert more than legal conclusions.  In fact, the Court adopted the dismissal of Defendant's IIED because Defendant cited no facts showing his emotional distress was severe and debilitating.  Such allegations are likewise absent from Plaintiffs' Complaint.  When read in light of the Ohio Supreme Court's list of examples of severe emotional distress to include "traumatically induced neurosis, psychosis, chronic depression, or phobia," Plaintiffs allege no facts rising to this level.  There is no allegation of medical treatment, phobia, severe loss of the ability to eat, sleep, work, etc...  In short, there is no *factual* allegation to support this element for the Court to side with Plaintiffs.  Therefore, the Court adopts the Magistrate Judge's Report and Recommendation that Plaintiffs' IIED claim be dismissed.

     For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation granting, in part, and denying, in part, Defendant's Motion to Dismiss (ECF # 129).  The Court dismisses Plaintiffs' IIED and Invasion of Privacy claims but denies Defendant's Motion to Dismiss Plaintiffs' Defamation claim.

     IT IS SO ORDERED.

                                          S:/Christopher A. Boyko
                                          CHRISTOPHER A. BOYKO
                                          United States District Judge