UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SWARTZ, JR. ET AL., | ) | CASE NO.1:12CV3112 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MARK A. DI CARLO, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant, Mark DiCarlo's Motion to Reconsider Order Dated 9/13/18 and/or Defendant's Objection and/or Defendant's Motion for Continuance of Trial. (ECF # 236). Having considered the Motion and Brief in Opposition, the Court denies Defendant's Motion.

Defendant objects to the Court's Order of 9/13/18 wherein the Court held that Defendant must authenticate any medical records he seeks to offer into evidence at trial. Defendant relies on the Court's Opinion of March 31, 2017 wherein the Court held that "the truth of Defendant's statements is largely dependent on Henry's mental and medical state from April -May 2012. The parties dispute Henry's mental competence and physical state of health during this time period. These issues are for the trier of fact to determine as they will be dispositive of the truth of the statements made." (Doc. 167 Page Id#4960). Defendant argues he believed that Plaintiffs could not prove their case without medical records. This belief was bolstered by the parties exchange of medical records in discovery and Plaintiffs listing of certain medical records previously in their trial brief. Because Plaintiffs recently decided not to rely on medical records in their case-

in- chief, Defendant asks the Court to reconsider its Order requiring authentication and permit the records into evidence or grant him a continuance to comply with the Order and obtain authentication.  He further contends he is being denied his substantive and procedural due process rights if the records cannot be considered by the jury.

Plaintiffs oppose the Motion based on their contention that this case is six years old and Defendant has had more than ample time to prepare for trial.  They contend they will be irreparably harmed if yet another continuance is granted.

The Court finds Defendant's Motion lacks merit and is therefore denied.  Defendant is a licensed attorney and is charged with knowledge of the Federal Rules of Evidence.  There is nothing in any Court order that abrogated his independent duty to authenticate any record he intends to offer into evidence.  The Federal Rules of Evidence are clear that medical records must be authenticated.  Defendant had years to do so and did not.

Furthermore, because Plaintiffs altered their trial strategy in light of either the rulings of the Court or simply based on their own assessments of their case Defendant cannot allege fraud because he mistakenly assumed they would litigate their claims based largely on the medical records.  Assumption has always been the enemy of the lawyer.

Defendant fails to differentiate between the posture of the case and the parties' intended methods of proof and the evidence at the time the Court ruled on the Motions for Summary Judgment on March 31, 2017, and the posture of the case after the Court's rulings almost a year and a half later.

Defendant is an attorney with decades of experience at state and federal court yet fails to grasp it is HIS burden to authenticate any records he seeks to offer into evidence.  It is not the Court's and it is not Plaintiffs' obligation to do so and his reliance on Plaintiffs' previous trial

strategy is not only unreasonable but has potentially endangered his own ability to defend the action.

In short, there is nothing the Court has done that has jeopardized Defendant's due process rights either procedurally or substantively.  Defendant has had years to authenticate the records and even on the eve of trial the Court has allowed him ample time to obtain the authentication.  He has pointed to no law indicating he has some substantive right to have admitted into evidence unauthenticated records; the Rules of Evidence clearly require counsel to obtain that authentication and courts routinely disallow unauthenticated documents to be entered into evidence.  Defendant's failures are his own based on his own misapprehensions of Plaintiffs' trial strategy.  Therefore, he is not entitled to the relief he seeks and trial shall proceed as scheduled.

In light of this Order, the Court orders Defendant to inform the Court no later than Friday September 21, 2018, whether he intends to proceed with the defense of his claims at trial.

IT IS SO ORDERED.

                                       s/ Christopher A. Boyko  
                                      CHRISTOPHER A. BOYKO  
                                      United States District Judge

Dated:  September 20, 2018