UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SWARTZ, JR. ET AL., | ) | CASE NO.1:12CV3112 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK A. DI CARLO, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

On September 28, 2018, a jury found Defendant Mark A. DiCarlo liable for Defamation and awarded Plaintiffs damages in the amount of $150,000 in total compensatory damages and $100,000 in total punitive damages. On October 19, 2018, Defendant filed his Objection to Punitive Damages and Objections; and Response to Motion for Attorneys Fees; and Rule 50 Motion and Rule 62. (ECF # 254). For the following reasons, the Court denies Defendant's Motion.

This case was litigated over the course of nearly six years, ultimately commencing with a jury trial on September 26, 2018, on one count of Defamation. On September 28, 2018, the jury returned a verdict for Plaintiffs and against Defendant and awarded Plaintiffs damages in the above amounts. Breaking down the judgment by individual Plaintiffs, the jury awarded Vilma Swartz $25,000 in compensatory damages and $33,333 in punitive damages; James Swartz, Jr. $75,000 in compensatory damages and $33,333 in punitive damages and Toniemarie Swartz $50,000 in compensatory damages and $33,334 in punitive damages.

Defendant moves for Judgment as a Matter of Law under Fed. R. Civ. P. 50, arguing that

the Court should grant his Motion and deny Plaintiffs punitive damages.[1] Defendant contends that Plaintiffs cannot recover punitive damages because they never established Defendant's net worth at trial. According to Defendant, Ohio law bars the award of punitive damages in the absence of such evidence. Defendant also contends that because punitive damages cannot be awarded, Plaintiffs are not entitled to attorney fees under Ohio law. Defendant also argues that Plaintiffs failed to timely move for attorney fees and failed to support their motion for attorney fees with sufficient proof of those fees. Furthermore, in his Motion for New Trial, Defendant asserts that punitive damages may not be awarded because the trial court failed to bifurcate liability issues from the punitive damages issue at trial, causing prejudice to Defendant.

Finally, Defendant moves the Court for a stay of proceedings under Fed R. Civ. P. 62 "as the Judgment as to punitive damages as it is not supported by any evidence." (Defendant's Motion pg. 6). The rest of the Motion argues against the award of attorney's fees or challenges certain representations in support of attorney fees in Plaintiffs' counsel's affidavit.

Plaintiffs oppose Defendant's Motion, arguing that Defendant cannot obtain relief under Rule 50 because he never raised the issue of the improper award of punitive damages at trial as required under the Rule. Furthermore, according to Plaintiffs, Ohio law requires the parties to move for bifurcation. Because Defendant never sought to bifurcate punitive damages from liability at trial, the award of punitive damages was proper. Also, Plaintiffs argue that the Court

---

[1] Defendant also attacks the punitive damages award in his Motion for New Trial. Many of the arguments raised in that Motion are duplicative of those raised in the above Motion. However, the Court will also address Defendant's argument, raised in his Motion for New Trial, that punitive damages are barred because the Court did not bifurcate the punitive damages issue from the liability portion of trial.

2

must not reduce the punitive damages award because the award did not exceed the Ohio punitive damages cap and Ohio law places the burden on Defendant to establish his net worth at trial.

## LAW AND ANALYSIS

Rule 50 of the Federal Rules of Civil Procedure reads in pertinent part:

(a) Judgment as a Matter of Law.

> **(1) *In General.*** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

(b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

"In the context of a jury trial, the Federal Rules of Civil Procedure tell parties to speak up at two times if they want the court to resolve the claim as a matter of law. They must move for judgment as a matter of law before the claim goes to the jury, *see* Fed.R.Civ.P. 50(a), and they must renew the motion (or seek a new trial) after the jury issues its verdict," *see* Fed.R.Civ.P. 50(b); Fed.R.Civ.P. 59. *Maxwell v. Dodd,* 662 F.3d 418, 420–21 (6th Cir. 2011). Here, only

Plaintiffs moved for a directed verdict at trial before the case was submitted to the jury. Therefore, because Rule 50(b) applies to "renewed" motions for judgment as a matter of law and Defendant never moved for judgment before the case was submitted to the jury, the Court finds Defendant waived any arguments for judgment as a matter of law post-trial under Rule 50(b).

However, even if the Court were to consider Defendant's arguments for judgment as a matter of law, they must necessarily fail. The jury awarded punitive damages to each of the three Plaintiffs, but the punitive damages awarded did not exceed two times the awarded compensatory damages for any of the three Plaintiffs. Therefore, the jury award of punitive damages did not exceed Ohio's punitive damages cap See O.R.C. § 2315.21(D)(2)(a) (Punitive damages shall not be awarded "in excess of two times the amount of the compensatory damaged awarded to the plaintiff for that defendant.").

O.R.C. § 2315.21(D)(b) limits the amount of punitive damages if the defendant is a small employer or an individual to the lesser of "two times the amount of compensatory damages awarded" or "ten percent of the employer's or individual's net worth when the tort was committed up to a maximum of three hundred fifty thousand dollars." Ohio courts that have considered this issue have either declined to reduce an award of punitive damages where the amount did not exceed twice the compensatory damages and neither side introduced evidence of Defendant's net worth at the time of the tort; See *Doepker v. Willo Security, Inc.,* No. 2007 CA 184, 2008 WL 1850970, *6 (Ohio Ct. of App. 5th Dist. April 7, 2008), or held that its Defendant's burden to demonstrate his/her net worth at the time of the tort. See *Caraman v. Bailey*, No. 94986, 2011 WL 346298, *1 (Ohio Ct. of App. 8th Dist. Feb. 3, 2011). Because neither side produced evidence to the jury establishing Defendant's net worth and because the

4

award of punitive damages did not exceed Ohio's statutory punitive damages cap, the Court finds Defendant is not entitled to judgment as a matter of law on the issue.

Under Ohio law either party may move the Court to bifurcate punitive damages from the underlying trial. However, it is not error for the Court to try both at the same trial in the absence of a motion to bifurcate by the parties. See O.R.C. § 2315.21(B)(1). ("In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, ***upon the motion of any party,*** the trial of the tort action shall be bifurcated..." (Emphasis added).

Under Ohio law bifurcation is mandatory if Defendants move because the Ohio Supreme Court has held it is a substantive, not a procedural rule. See *Havel v. Villa St. Joseph,* 131 Ohio St.3d 235 (2011) discussing O.R.C. 2315.21(B). But at least one federal district court in this Circuit has held that regardless how the Ohio Supreme Court characterizes its laws, federal courts are not bound by these rules if they seek to trump federal procedural rules. See *Patel Family Tr. v. AMCO Ins. Co.,* No. 2:11-CV-1003, 2012 WL 2883726, at *2 (S.D. Ohio July 13, 2012) ("Just because the Ohio Supreme Court has interpreted Ohio Rev.Code § 2315.21(B) to provide a "substantive" right to bifurcation does not mean that a federal court is bound by the characterization. A state's characterization of its own rule as "substantive" instead of "procedural" must "yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court.."

Federal Rule of Civil Procedure 42(b) allows for separate trials "for convenience, to avoid prejudice, or to expedite and economize..." But the determination to bifurcate is left to the discretion of the trial court.

In the absence of a Motion to Bifurcate by either party, the Court was not obligated to bifurcate the trial.  Furthermore, the Court finds Ohio law does not trump the Federal Rules of Procedure and it was within the Court's discretion to bifurcate.  Thus, it was not error to try Plaintiffs' punitive damages claim with the substantive claims at one trial.

Defendant asks the Court to stay enforcement of the judgment under Fed. R. Civ. P. 62 because the punitive damages award cannot stand in light of Defendant's arguments made herein.  Because the Court finds Defendant's arguments attacking the jury's award of punitive damages have no merit, the Court denies Defendant's Motion to Stay.  Separately, the Court further denies the Motion to Stay as Defendant has offered no security.

Finally, Defendant challenges the Plaintiffs' Motion for Attorney Fees.  However, because those arguments apply to a separate motion filed by Plaintiffs, the Court will not address the arguments here but reserves them for a separate ruling on Plaintiffs' Motion for Attorney Fees.

Therefore, for the foregoing reasons, Defendant's Motion is denied.

IT IS SO ORDERED.

                                                    s/ Christopher A. Boyko
                                                  CHRISTOPHER A. BOYKO
                                                  United States District Judge

Dated:  January 11, 2019