# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| JAMES SWARTZ, JR. ET AL., | ) | CASE NO.1:12CV3112 |
|---|---|---|
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| MARK A. DI CARLO, | ) | OPINION AND ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

On September 28, 2018, a jury found Defendant Mark A. DiCarlo liable for Defamation and awarded Plaintiffs damages in the amount of $150,000 in total compensatory damages and $100,000 in total punitive damages. Plaintiffs' then moved post-trial for prejudgment and postjudgment interest ( ECF # 247), costs and attorneys' fees (ECF #'s 248 and 251). The Court now issues its Order on the above Motions as follows:

**<u>Prejudgment Interest</u>**

Plaintiffs move for prejudgment interest under Ohio Revised Code Section 1343.03 for Defendant's alleged failure to negotiate settlement in good faith. Plaintiffs ask that they be awarded prejudgment interest, calculated from the filing of the Complaint. Plaintiffs attach correspondence between Plaintiffs' counsel and Defendant outlining ongoing discovery issues and disputes. Plaintiffs further attach an affidavit of their former counsel, outlining his attempts to resolve discovery issues with Defendant and attesting to Defendant's delays in addressing them.

"Under Ohio law, an award of prejudgment interest must be made if the court finds 'that

the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.'" *Clay v. Ford Motor Co.,* 215 F.3d 663, 672–73 (6th Cir. 2000) quoting Ohio Rev.Code Ann. § 1343.03(C)(1) (Anderson 1993). "The party requesting prejudgment interest has the burden of proving that it made a good faith effort to settle and that the other party failed to make a good faith effort to settle." *Clay,* 215 F.3d at 673 citing *Moskovitz v. Mt. Sinai Med. Ctr.,* 69 Ohio St.3d 638, 635 N.E.2d 331, 348 (1994). "If a party has (1) fully cooperated during discovery, (2) rationally evaluated its risks and potential liability, (3) not attempted to unduly delay the proceedings, and (4) in good faith, made a settlement offer or responded to the other party's offer, that party has not failed to make a good faith effort to settle the case." *Clay,* 215 F.3d at 673 citing *Kalain v. Smith,* 25 Ohio St.3d 157, 495 N.E.2d 572, 574 (1986). "If a party has a good faith, objectively reasonable belief that [it] has no liability, [it] need not make a monetary settlement offer." *Id.*

Ohio Revised Code Section 1343.03(C) requires the Court hold an evidentiary hearing before ruling on a Motion for Prejudgment Interest. Parties may waive the oral hearing requirement. Therefore, the Court orders the parties to confer and submit to the Court no later than July 1, 2019, agreed upon, proposed dates for an evidentiary hearing on Plaintiffs' Motion for Prejudgment Interest. If the parties agree to waive an evidentiary hearing, the parties shall submit no later than July 1, 2019, any evidentiary materials they wish the Court to consider before it rules on the Motion.

**Postjudgment Interest**

Plaintiffs further ask the Court for an award of postjudgment interest pursuant to 28

U.S.C. §1961 which reads in pertinent part: "Interest shall be allowed on any money judgment in a civil case recovered in a district court..... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." The purpose of post-judgment interest is "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the [judgment] and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835-36, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). The statute effectively "remov [es] the award of such interest from the discretion of the District Court." *Comerica Bank v. Stewart,* No. 09 CV 13421, 2009 WL 4646894, at *3 (E.D. Mich. Dec. 8, 2009) quoting *Caffey v. Unum Life Ins. Co.,* 302 F.3d 576, 586 (6th Cir.2002).

Defendant's arguments opposing the Motion appear limited to arguing against good faith efforts to settle which applies solely to Plaintiffs' Motion for Prejudgment Interest. Because the statute authorizes post-judgment interest and establishes the rate, the Court grants Plaintiffs' post-judgment interest at the statutory rate as described in 28 U.S.C. § 1961 from the date of judgment until the judgment is satisfied.

**Costs**

Pursuant to Fed. R. Civ. P. 54(d)(1), Plaintiffs move the Court for costs in the amount of $4,374.12, including costs for transcription and videotaping depositions, copying and trial exhibits. These costs are itemized and supported by the declaration of Plaintiffs' counsel as follows:

    Deposition transcript costs                      $ 1943.65

| | |
|---|---|
| Costs to videotape deposition | $ $1,436.00 |
| Copy costs | $ 994.47 |

Defendant opposes costs for videotaping the deposition, contending it was unnecessary because Defendant's deposition was not used at trial. He also challenges the costs of copying exhibits that were never used at trial and the costs for binders, tabs and CD sleeves. Defendant further challenges the costs of the deposition due to its length (nearly six hours) because Plaintiffs took several breaks and asked repetitive questions.

Plaintiffs respond that Defendant's deposition was absolutely necessary to their case in chief to establish certain elements of Plaintiffs' claim under oath. Furthermore, Plaintiffs contend videotaping the deposition was necessary given the emotional nature of the claim, the nature of the defamatory statement directed at Plaintiffs, the attacks directed at Plaintiffs' counsel and to "promote civility." Breaks were necessary due to the amount of material to cover and the length of the deposition in order to give deponent, counsel and the court reporter time to rest. Plaintiffs also respond that the length of the deposition was due in large part to Defendant's repetitive answers and baseless objections. Finally, Plaintiffs contend the Court's Trial Order recommends the use of binders, tabs and a table of contents. Thus, these are properly taxable as costs according to Plaintiffs.

Federal Rules of Civil Procedure 54(d) provides for the assessment of costs as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." "Federal Rule of Civil Procedure 54(d) creates a general presumption allowing the taxation of costs to a prevailing party. Therefore, '[i]t is incumbent upon the unsuccessful party to show circumstances sufficient to

overcome the presumption' favoring an award of costs to the prevailing party." "In reviewing a request for taxation of costs, the court must determine first ... whether the expenses are allowable cost items and then ... whether the amounts are reasonable and necessary." *O'Donnell v. Genzyme Corp.,* No. 14-CV-1767, 2016 WL 1165156, at *1 (N.D. Ohio Mar. 25, 2016). (Internal citations omitted).

28 U.S.C. § 1920 allows the Court to tax as costs the following items:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Section 1920 expressly permits the taxing as costs those expenses associated with depositions regardless of whether they are actually used at trial. Here, Plaintiffs recorded Defendant's deposition to "promote civility." This Circuit along with other circuit and district courts allow taxing as costs video deposition costs and holds that "both stenographic transcripts and videotaped depositions, together, may be taxed. " *Steeg v. Vilsack,* No. 5:13-CV-00086-TBR, 2017 WL 2415653, at *2 (W.D. Ky. June 2, 2017) *citing BDT Prods.*, 405 F.3d at 420

(citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997)) (holding that "videotape depositions are taxable under § 1920" and that "it was proper to tax both the cost of videotaping and transcribing the deposition"); *Tilton*, 115 F.3d 1477–78 ("[T]he costs associated with videotaping a deposition are taxable under [§] 1920(2) ..." "[T]he district court did not abuse its discretion in taxing the costs of both the preparation and transcription of the seven videotaped depositions."). However, the Court does not find that costs of videotaping Defendant's deposition were necessary as Plaintiffs had written transcripts that were sufficient under the circumstances of this case. Furthermore, the Court agrees with Defendant that no videotape was necessary as he was present at trial and his conduct did not warrant the additional expense of a videotaped deposition.

The Court does find the costs associated with copying, including the costs of binders, tabs and CD's were reasonable in the case in order to properly present evidence regardless of whether the exhibits were actually used at trial. Also, the trial exhibit presentation was per the instructions of the Court in its Trial Order.

Therefore, the Court finds Plaintiffs are entitled to costs in the amount of $1943.65 for deposition costs and $994.47 in copying costs for a total of $2938.12.

**<u>Attorneys' Fees</u>**

Finally, Plaintiffs request attorneys' fees in the amount of $194,658.00. This action was commenced in May 2012 and the jury rendered its Verdict in September of 2018. As part of the Verdict the jury awarded punitive damages in the amount of $100,000. Under Ohio law, Plaintiffs' are entitled to attorneys' fees when punitive damages are awarded. The case was over six years old, involved substantial motion practice and lengthy and highly contested discovery

disputes. Both sides requested continuances of trial and Defendant filed several appeals during the litigation. Counsel's affidavit seeks fees at the rate of $175.00/hr for each of Plaintiffs' attorneys. Plaintiffs' counsel does not provide an itemized breakdown of their fees, instead they offer to provide such documents *in camera* for the Court's inspection.

Fed. R. Civ. P. 54(d) permits the prevailing party to recover attorney's fees. Defendant concedes that when punitive damages are awarded, attorney fees are recoverable. See *Gilson v. Am. Inst. of Alternative Med.,* 2016-Ohio-1324, ¶ 116, 62 N.E.3d 754, 788 ("If punitive damages are proper, reasonable attorney fees may be awarded as an element of compensatory damages."). Defendant's opposition rehashes his challenges to the award of punitive damages which this Court has already addressed and found meritless. Defendant correctly argues that Plaintiffs' Motion lacks sufficient supporting evidence.

"The key requirement for an award of attorneys fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Corbis Corp. v. Starr,* 719 F. Supp. 2d 843, 844 (N.D. Ohio 2010) citing *Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 553 (6th Cir.2008). Because a detailed itemization is required before the Court may determine the amount of fees to be awarded and because Defendant must have the opportunity to challenge the reasonableness of the requested fees, the Court orders Plaintiffs' counsel to provide billing invoices that list: 1) the attorney; 2) a description of the work performed; and 3) time spent on that work. Plaintiffs may file a redacted itemization to protect any privileged materials but must submit the unredacted version *in camera* for the Court's review. The Court further requires an affidavit of counsel

7

describing counsels' years of practice and experience so that the Court may determine whether the hourly billing rate sought is commensurate with those billed by attorneys of similar experience in the field.

Plaintiffs shall submit the above information no later than July 1, 2019. Defendant shall file his challenges to the amounts sought by Plaintiffs no later than July 15, 2019.

Therefore, for the foregoing reasons, the Court grants, in part, Plaintiffs' Motion for prejudgment and postjudgment interest, granting postjudgment interest at the statutory rate running from the date of judgment until the judgment is satisfied. The Court will hold a hearing on prejudgment interest unless the parties agree to allow the Court to rule on written submissions. If so, the parties are ordered to submit all evidence they wish the Court to consider no later than July 1, 2019. The Court grants, in part, Plaintiffs' Motion for Costs in the amount of $2938.12. The Court grants, in part, Plaintiffs' Motion for Attorney's Fees, finding Plaintiffs are entitled to fees per Rule 54 and the jury's award of punitive damages. The Court Orders Plaintiffs' counsel to submit a detailed itemization of fees sought along with a supporting affidavit as instructed above no later than July 1, 2019. Defendant shall file any challenges to the amount of the fees no later than July 15, 2019.

IT IS SO ORDERED.

/s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge