**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES SWARTZ, JR. ET AL., | ) | CASE NO. 1:12CV3112 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK A. DI CARLO, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

On September 28, 2018, a jury found Defendant Mark A. DiCarlo liable for Defamation and awarded Plaintiffs damages in the amount of $150,000 in total compensatory damages and $100,000 in total punitive damages. Plaintiffs' then moved post-trial for prejudgment and postjudgment interest ( ECF # 247). The Court granted post-judgment interest and costs. The Court reserved ruling on prejudgment interest because Ohio law requires that the Court hold a hearing unless waived by the parties. The Court ordered the following:

> Ohio Revised Code Section 1343.03(C) requires the Court hold an evidentiary hearing before ruling on a Motion for Prejudgment Interest. Parties may waive the oral hearing requirement. Therefore, the Court orders the parties to confer and submit to the Court no later than July 1, 2019, agreed upon, proposed dates for an evidentiary hearing on Plaintiffs' Motion for Prejudgment Interest. If the parties agree to waive an evidentiary hearing, the parties shall submit no later than July 1, 2019, any evidentiary materials they wish the Court to consider before it rules on the Motion.

The Court Order instructed the parties to confer and indicate by July 1, 2019, whether

they waived an evidentiary hearing on prejudgment interest. If so, they were further instructed to submit by July 1, 2019, any evidence they wished the Court to consider to reach its decision. On July 1, 2019, Defendant submitted his response titled Defendant's Objections and Response to Opinion and Order Date June 23, 2019. Plaintiffs' filed their Response to Defendant's Objections and Response to Opinion and Order Dated June 20, 2019 on July 2, 2019.

In his twenty-three page Objection, Defendant objects to holding a hearing on prejudgment interest, asks for thirty days of discovery to oppose the Motion for Prejudgment Interest, objects to the Court's failure to consider arguments in his first objection to prejudgment interest, objects to the Court's award of costs and post judgment interest and continues to object to the award of punitive damages.

Defendant contends that Plaintiffs never formally made a demand prior to filing suit, never submitted proof of damages such that Defendant could reasonably assess the value of the case, and sought to delay mediation until after discovery. Furthermore, it was Defendant that had to request an order from the Court instructing Plaintiffs to submit a demand. Defendant argues he did in fact assess the costs of the case and determined that the costs of retaining counsel to defend against Plaintiffs' claims would exceed any likely award. He denies that any discovery issues were a result of any improper conduct on his part and further argues that Plaintiffs' conduct caused delays in the prosecution of the case.

Plaintiffs move for prejudgment interest under Ohio Revised Code Section 1343.03 for Defendant's alleged failure to engage in discovery and negotiate settlement in good faith. Plaintiffs ask that they be awarded prejudgment interest, calculated from the filing of the Complaint. Plaintiffs attach correspondence between Plaintiffs' counsel and Defendant outlining

ongoing discovery issues and disputes. Plaintiffs further attach an affidavit of their former counsel, outlining his attempts to resolve discovery issues with Defendant and attesting to Defendant's delays in addressing them.

Specifically, Plaintiffs allege they needed to obtain a protective order to limit Defendant's attempts to obtain discovery that was not relevant to the claims in the case. Defendant failed to provide timely responses to discovery requests until the eve of the original trial date. Plaintiffs further contend Defendant failed to evaluate the risks in the case even after the Court found in its summary judgment ruling that some of Defendant's defamatory statements were defamatory *per se*, meaning damages are presumed. Yet, Defendant never made a serious settlement offer. Furthermore, Defendant delayed the case by appealing the dismissal of his counterclaims, moving to stay the case while he sought insurance coverage, filing a second appeal which was dismissed by the Sixth Circuit, and moving to continue the trial twice. Lastly, Plaintiffs contend Defendant never made a good faith offer to settle but merely offered to dismiss his counterclaim even though the counterclaim had already been dismissed by the Court.

"Under Ohio law, an award of prejudgment interest must be made if the court finds 'that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.'" *Clay v. Ford Motor Co.,* 215 F.3d 663, 672–73 (6th Cir. 2000) quoting Ohio Rev.Code Ann. § 1343.03(C)(1) (Anderson 1993). "The party requesting prejudgment interest has the burden of proving that it made a good faith effort to settle and that the other party failed to make a good faith effort to settle." *Clay,* 215 F.3d at 673 citing *Moskovitz v. Mt. Sinai Med. Ctr.,* 69 Ohio St.3d 638, 635 N.E.2d 331, 348 (1994). "If a party has (1) fully cooperated during

discovery, (2) rationally evaluated its risks and potential liability, (3) not attempted to unduly delay the proceedings, and (4) in good faith, made a settlement offer or responded to the other party's offer, that party has not failed to make a good faith effort to settle the case." *Clay,* 215 F.3d at 673 citing *Kalain v. Smith,* 25 Ohio St.3d 157, 495 N.E.2d 572, 574 (1986). "If a party has a good faith, objectively reasonable belief that [it] has no liability, [it] need not make a monetary settlement offer." *Id.*

Because both parties waive the right to an evidentiary hearing,[1] the Court will proceed on the evidence before it. Plaintiffs' Motion attaches an affidavit of Plaintiffs' prior counsel outlining discovery issues he had with Defendant. Accompanying the affidavit is correspondence between counsel and Defendant discussing the discovery disputes. Plaintiffs submit no additional evidence with their July 2, 2019 Response. Defendant submits no evidence to support his original response or his July 1, 2019 Objection.

Upon review of the Motion, oppositions and evidence, the Court denies Plaintiffs' Motion for Prejudgment Interest. It is Plaintiffs' burden to show they are entitled to prejudgment interest. Here, at best, Plaintiffs have only offered evidence of discovery disputes amongst the parties, but these were not outside the realm of the normal course of litigation, all of which were resolved by court action. Thus, this factor slightly favors Plaintiffs.

The Court finds Defendant arguably evaluated the risks and potential liabilities but believed strongly in his own defenses and that his father was wronged by Plaintiffs. Defendant further represents that there was no settlement demand by Plaintiffs prior to suit and that

---

[1] See Defendant's Objection to an Evidentiary Hearing (ECF # 262 pg. 7) and Plaintiffs' counsel's letter dated June 21, 2019 (ECF # 269 Ex#3) disclaiming need for an evidentiary hearing.

Plaintiffs never offered him a reasonable breakdown of their damages that would have allowed him to make a reasonable offer. With no evidence to support either sides' position, this element favors Defendant.

Likewise, neither side was innocent in the delays that occurred in the trial with both parties having filed motions that resulted in continuances of the trial date. Defendant did file appeals on his dismissed counterclaims but these attempts were not for the purpose of delay but rather to attempt to have his counterclaim restored. Thus, both sides engaged in conduct that delayed the trial. Thus, this factor favors Defendant.

Both sides represent that they tendered settlement offers which were rejected by the other. Given the highly emotional nature of the case and Defendant's *pro se* defense, settlement was highly unlikely from the onset. Furthermore, Defendant alleges Plaintiffs never provided him a breakdown of the damages they sought in order for him to reasonably submit an offer. It is Plaintiffs' burden to show they are entitled to prejudgment interest and, in light of the lack of evidence on three of the four *Clay* elements, Plaintiffs have failed to meet their burden and the Court denies Plaintiffs' Motion for Prejudgment interest.

Therefore, for the foregoing reasons, Plaintiffs' Motion for Prejudgment Interest (ECF #247) is denied.

IT IS SO ORDERED.

      /s/Christopher A. Boyko  
      CHRISTOPHER A. BOYKO  
      United States District Judge

DATE: July 30, 2019